FINLEY v. DIETRICK *et al.*

1. HOMESTEAD WITHIN TOWN PLAT.    The act approved January 22d, 1853, extending the corporate limits of the city of Dubuque, made the premises of complainnnt, (about six acres of land,) a part of the plat of said city; but the premises were never laid out in streets, alleys and lots by the owner, who commenced the occupation thereof in April, 1857.    *Held,*

1. That said premises were not within a town plat as contemplated by § 1252 of the Code of 1851. ·

2. That the entire tract was exempt from judicial sale to satisfy a judgment recovered on a debt contracted after it was occupied as a homestead.    WRIGHT, J., *dissenting.*

*Appeal from Dubuque District Court.*

SATURDAY, DECEMBER 21.

*H. A. Wiltse* and *Platt Smith* for the complainant:  1. The indebtedness of Finley upon which Dietrick's judgment was obtained was of a date subsequent to the selection and occupancy by Finley of his homestead.    The homestead law was in full force when the debt was contracted, and entered into, and formed a part of the contract.    *Bridgman* v. *Wilcox,* 4 G. Greene 563.    2. By chap. 41, p. 103, Code of 1851, an individual proprietor of land is authorized to lay out a village plat thereon.    The words " town plat," and " village plat," are employed in a convertable sense in that chapter, and in fact and in law are the same thing.

The word "town," includes cities. (Code of 1851, § 26.) The making of a town plat is an act of individual proprietorship, the making of a political corporation under the Code of 1851, § 649, is the work of the inhabitants of a particular locality. One person can not make a town government, and three hundred persons can not make a town plat of another party's land. *Morford* v. *Unger*, 8 Iowa 82; *Dickenson* v. *Chorn*, 6 Iowa 30; *Floyd* v. *Moser*, 1 Ib. 512.

*Samuels, Allison & Crane* for the respondents, argued 1. That if a homestead is within a town plat it must not exceed one half acre. Code of 1851, chap. 81, § 1252. 2. That the word " town " is properly defined, " any collection of houses larger than a village, and a town may consist of twenty houses or twenty thousand." A plat is a plan or draft of a piece of ground. Webs. Dict. The word "town," when used in the Code, includes cities and villages, or all collections of houses, whether large or small. 3. The evidence shows that the complainant made this his homestead four years after it was embraced in the plat of the city of Dubuque, and by thus selecting a home within a town plat already established, he submitted to have it limited to one half acre. 4. That the purpose and spirit of the law was to protect from judicial sale forty acres of agricultural land, or one half acre for a home within a town or city, when the occupant relied upon some other occupation for a livelihood. 3 Iowa 290.

BALDWIN, J.—The defendant Dietrick obtained a judgment against the complainant upon a contract dated July, 1857, and upon which judgment an execution had been issued and the defendant Summers was about to proceed as marshal, to levy upon and sell certain real estate which the complainant claimed as his homestead, and as exempt from judicial sale.

The complainant commenced to occupy the premises claimed as exempt in April, 1857; previous to the date of the contract upon which the judgment of Dietrick was obtained. The property claimed contains about six acres, and was located outside of the original town plat of the city of Dubuque. The whole of the tract of land, however, is at this time within the limits of said city, under the provisions of an act of the legislature, passed January 22d, 1853, extending such corporate limits. There appears to be no doubt as to the right of complainant to hold as exempt from sale for the satisfaction of these debts the house and a portion of the land connected therewith, as the complainant was living thereon with his family prior to the date of the contract upon which the judgment was obtained. The only question is, as to the amount of land the complainant can hold as exempt.

The homestead must embrace the house used as a home by the 'owner thereof, &c. It may contain one or more lots or tracts of land, with the buildings thereon; but if within a town plat it must not exceed one half an acre in extent, and if not within a town plat it must not embrace in the aggregate more than forty acres. See Code §§ 1250–1 and 2. If the homestead claimed is within a town plat, it exceeds the amount exempt from judicial sale, if not within a town plat, it does not contain as much as is by law made exempt.

Towns, according to our statute, include cities as well as incorporated villages; and a village or town plat is a tract of land laid out into lots, streets and alleys, duly platted and recorded as provided for by chapter 41 of the Code. The property claimed as exempt never was, by the complainant or any other person, so platted. The legislature, by the act extending the corporate limits of Dubuque, brought the property in controversy into the city limits. Prior to this

act the complainant was entitled to his land as his homestead, and did this act alone change the right? We think not.

The owner of a homestead, his wife concurring, may dispose of the same in any manner that may seem proper, but the homestead right having once legally attached, it cannot be taken away without the consent of the owner. The owner has a right to plat his homestead, and divide it into lots for town or city purposes; and when so platted and the plats acknowledged and recorded, he can not claim the homestead in acres, but an incorporated city or legislature can. not compel him to so sub-divide his property.

The value of the homestead can not change the right of the owner to its exemption. The law confers this bounty upon both the rich and poor. The creditor gives credit with the full knowledge of the law, and if the whole of the debtors wealth is in his homestead, it is free from the reach of the creditors.

The court below did not err in making the injunction perpetual.

WRIGHT, J., *dissenting.*—I dissent in this case, and without elaboration state my reasons thus: The property in controversy did not constitute the homestead of the complainant at the time of the enlargement of the limits of the city of Dubuque, under the act of 1853, p. 89, chap. 54. By the terms of this act, the land in controversy was included within the corporate limits of said city. Being thus included, if the complainant *afterwards* made the same his homestead, he could not claim more than one half acre as exempt. The question is very different from what it would be if the city limits had been extended after acquiring the homestead. It is not a case where the homestead is changed or curtailed in its limits by a subsequent act of a third per-

son, over which the owner had no control. The reasoning upon that hypothesis used in the majority opinion has, therefore, nothing to do with the question actually involved.

"If within a town plat it would not exceed one half acre in extent," is the declaration of the statute, (§ 1252). If not within the town plat then it must not, in the aggregate, embrace more than forty acres. The intention of the statute was to exempt forty acres as *agricultural* lands in the country, as contradistinguished from town; and one half acre in town, or such a locality as that the use of land for agricultural purposes would be impracticable. This to my mind is the plain and obvious policy and spirit of the law. This is in effect the construction given to the act of 1849, upon this subject (*Helfenstien & Gore* v. *Cave*, 3 Iowa 287,) and the language of the statute is not in this respect essentially different.

If a party has his homestead, and the limits of a city or town should be so extended as to include it, I would not say that such extention would have the effect, without some act on his part, to lessen the extent of his exemption. Without some act on his part converting his farm, or his forty acres or less, used for agricultural purposes, into town lots, it would seem, to say the least, inequitable to say that a half acre instead of forty should be the limits of his homestead. If, however, he voluntarily selects his homestead within the corporate limits of a city or town he must take what the law gives him.

The word "town," when used in the statutes includes cities as well as incorporated villages, (§ 26.) By the term is meant a collection of houses, greater or less, ten or ten thousand. In this instance the property is in an incorporated city. It is therefore within the plat of a city, as defined by the act incorporating it. And it is breaking down and ignoring the great dividing line between a home-

stead in the country and town as contemplated by the statute, to say that the limit of a half acre is only to apply when the land is laid off, or platted into lots. Is it within the city, town or village, made by the owner after the limits were known and fixed? If so, the claimant is entitled to the half acre and no more, though it may not be composed of town lots.

In conclusion I may remark, that I see no injustice in the rule for which I contend, as applied to this case, for the reason that it does not appear that the premises are used by the complainant for agricultural purposes, or any other than as an ordinary home within the limits of the city; and while I favor a liberal construction of the homestead law, so as to carry out its spirit, I can not say that it ought to have been given " under different qualifications or conditions," but I must accept it under just the " considerations and circumstances " contemplated by the law. The law intended to give a general rule, as applied to town and country; and in giving this rule an application to this case, in the manner above stated, I feel that I do the complainant no injustice, and that I carry out the letter and spirit of the statute.