James M. Barber v. James E. Rorabeck and another.

*Homestead: Exemption: Construction.*  Provisions exempting a homestead from execution are to be liberally construed, especially where the exemption is restricted within limits so very moderate as those which are prescribed in this state; and an intention to modify this right to the prejudice of the debtor, by a statute having other purposes for its object, is not lightly to be inferred.

*Homestead: Farm: Extension of village limits.*  An extension of village limits so as to include a farm occupied as a homestead and within the constitutional exemption as to size and value, will not operate to reduce or diminish the right of exemption to the equivalent of a town lot according to the recorded plat, where the property is still occupied as a homestead and cultivated as a farm.

*Submitted on briefs April 12.     Decided April 24.*

Appeal in Chancery from Eaton Circuit.

*M. V. & R. A. Montgomery,* for complainant, cited: *Bull v. Conroe, 13 Wis.,* 234; *Saraher v. Fenlan, 5 Kans.,* 592.

*H. A. Shaw,* for defendants, cited: *Rogers v. Rayland, 42 Tex.,* 422; *Noland v. Reed, 38 Id.,* 425; *Clark v. Noland, Id.,* 416; *Brown v. Osgood, 68 Ill.,* 178; *Finley v. Dietrick, 12 Iowa,* 516; *Patterson v. King, 29 Ill.,* 532; *31 Ill.,* 200; *7 Mich.,* 488; *10 Mich.,* 291; *24 Mich.,* 447; *26 Mich.,* 106; *Dillon on Mun. Corp.,* § 126; *Williams v. Star, 5 Wis.,* 534; *32 Cal.,* 172; *17 Mich.,* 471.

COOLEY, CH. J:

This suit involves the question of a homestead right.     It is a suit to foreclose a mortgage on forty-six acres of land

which the defendants have for nearly twenty years cultivated as a farm and occupied as a homestead.    Until 1871 the land was outside the corporate limits of the village of Eaton Rapids, but those limits were extended in 1871 to include it.    The land, however, is still occupied as a farm, and the value does not exceed fifteen hundred dollars.    In the same year that the corporate limits were extended, but afterwards, the mortgage was given by James E. Rorabeck for money borrowed, his wife, the other defendant, not signing it. Under these circumstances, it is conceded that the mortgage is void as to the homestead legally claimable by defendants, and the question in controversy is, how much that homestead is.

The constitution provides that "every homestead of not exceeding forty acres of land, and the dwelling house thereon, and the appurtenances, to be selected by the owner thereof, and not included in any town plat, city or village; or instead thereof, at the option of the owner, any lot in any city, village or recorded town plat, or such parts of lots as shall be equal thereto, and the dwelling house thereon and its appurtenances, owned and occupied by any resident of the state, not exceeding in value fifteen hundred dollars, shall be exempt," etc.    It is not disputed that defendants were entitled to claim forty acres of this land as an exempt homestead prior to the extension of the village limits, but it is insisted that since the extension the right of exemption is limited to the equivalent of a town lot according to the recorded plat.    This is the point in dispute between the parties.

In Wisconsin it has been decided that under circumstances like those here stated the debtor is entitled only to a town homestead.—*Bull v. Conroe, 13 Wis., 233*; see *Parker v. King, 16 Wis., 223*.    But in the same state it is held that homestead laws must be liberally construed.— *Weisbrod v. Daenicke, 36 Wis., 73; Jarvais v. Moe, 38 Wis., 440, and cases cited.*    This is a very proper rule of construction when the benevolent purpose of the statute is

had in view, and it has been adopted by other courts.— *Deere v. Chapman, 25 Ill., 610; Webster v. Orne, 45 Vt., 40–42;* and see *Beecher v. Baldy, 7 Mich., 488.*

In Iowa the conclusion is, that an extension of town limits so as to bring in a country homestead cannot deprive the debtor of his right to the full exemption as it existed before.—*Finley v. Dietrick, 12 Iowa, 516.* In Texas the same ruling has been made.—*Nolan v. Reed, 38 Texas, 425; Clark v. Nolan, Ibid., 416.* The right once acquired seems to be regarded in that state as a vested right.—*Bassett v. Messner, 30 Texas, 604.* And while it is not strictly that, it is certainly a valuable right, which has been secured to the debtor for substantial reasons of public policy, as well as of individual and family benefit; and an intention to modify it to the prejudice of the debtor, by a statute having other purposes for its object, is not lightly to be inferred. We should say that all implications must be against such an intention. Especially should this be so where the constitutional limitation of a homestead is restricted within limits so very moderate as those which are prescribed in this state.

Our opinion is, that the decree of the court below should have secured to the defendants the homestead they were entitled to before the village limits were extended. As it did not do so, it must be reversed, with costs, and the record remanded for proceedings in conformity to this opinion.

The other Justices concurred.