Chambers et al. v. Perry.

## CHAMBERS ET AL. V. PERRY.

1. HOMESTEAD: *Covered by extension of corporate limits.*

 *Quere?* Where a homestead is established on the confines of a town does the subsequent extension of the corporate limits over it curtail it?

2. SAME: *How protected from sale.*

 A debtor who would preserve his exempted property from sale, whether homestead or chattels, must claim his exemption and file his schedule as prescribed by the statute, and see that a supersedeas issues. If the officer refuses or neglects to issue it, mandamus or an appeal lies according to the fact whether he is a ministerial or judicial officer. And a failure to prosecute the remedy is a waiver of the right.

APPEAL from *Conway* Circuit Court in Chancery.

Hon. G. S. CUNNINGHAM, Circuit Judge.

*Ratcliffe & Fletcher* for Appellant.

1. When a homestead is established near an incorporated town, and the limits of said town are subsequently extended so as to embrace it, the homestead is cut down or limited to one acre in area. *13 Wis., 233; 16 Id., 223; 54 Ga., 359; 56 Id., 96; 5 Kans., 592; Const. Ark., art. 9, sec. 5.*

2. Perry, if he had the right to claim the five acre homestead, lost it by not insisting on his original schedule. It was his duty to see that a supersedeas was issued. *40 Ark., 352.* If the

clerk refused to issue it, his remedy was by mandamus or appeal. *42 Ark., 410.* Having failed to do either he waived his exemption. *43 Ark., 17; 29 Ohio St., 667.*

3. When the law prescribes a method by which an exemption may be had, it must be complied with within a reasonable time. *20 Ga., 38; 22 Cal., 504; 23 Cal., 79; 10 Ala., 370; 56 Penn. St., 402.*

*Sol. F. Clark & Son* for Appellee.

There is nothing to show that Perry abandoned his right of homestead to the entire tract, except the application for supersedeas for the one acre. He had the right to accept what was offered him without waiving any additional right; but the homestead is not for the benefit of the husband alone, but for the wife and children, and he could not abandon it without their consent. The mere extension of the city limits so as to include his land, could not curtail his homestead right to one acre. *12 Iowa, 516; 17 Texas, 74; 30 Id., 425; 42 Id., 195; 5 Kans., 572; Thomps. on Homesteads, secs. 13, 14.*

The same facts did not exist in *13 Wis., 233.*

SMITH, J. The plaintiff alleged that he is a resident of the state, a married man and the head of a family; that he is the owner of five acres of land in a compact body, upon which he resides with his family; that at the time he established his homestead thereon, the land adjoined the town of Morrilton, but was not within its corporate limits; that the county court had afterwards extended the boundaries of the town so as to take in his land, but the land had never been platted, laid off, or subdivided into blocks, lots, streets and alleys; that one of the defendants had obtained judgment against him on a contract, but the debt was not one of the excepted debts mentioned in the constitution; that an execution upon said judgment had been

25——47

levied on the land, whereupon the plaintiff had filed with the clerk of the court, from which the writ was issued, a sworn schedule of all his property, claiming the entire tract as exempt by law, and had demanded a supersedeas; that the clerk had refused to suspend the sale except as to one acre around his dwelling; that the sheriff had proceeded to sell the remaining four acres and the judgment creditor had become the purchaser. The prayer was that the execution of a deed might be enjoined.

A demurrer to the bill having been overruled, the purchaser at the sale answered, that after the clerk refused to grant a supersedeas in the form first requested, the plaintiff had selected one acre, and having previously caused its metes and bounds to be established by survey, had put in his claim for said one acre, which was conceded; that the plaintiff had taken no further steps to make good his claim to a larger exemption, but had attended the sale and interposed no objection; that he had since refused to pay taxes on the land that was sold, had never exercised any acts of ownership, nor set up any claim, until the exhibition of his bill, which was after the period of redemption had expired. All of which, it was insisted, constituted an implied waiver and abandonment of his previous claim.

To this answer a demurrer was sustained, and the defendants resting, the injunction was perpetuated.

The constitution recognizes two classes of homesteads: the rural homestead, not to exceed one hundred and sixty acres, for dwellers in the country; and the urban homestead, not to exceed one acre, for dwellers in cities, towns and villages. If a homestead is established on the confines of a town, does the subsequent extension over it of the corporate limits curtail its extent? To this question an affirmative answer has been given in Wisconsin and Kansas; while the contrary view prevails in Texas, Iowa and Michigan. *Bull v. Conroe, 13 Wis., 233; Parker v. King, 16 Id., 223; Sarahos v. Fenlon, 5 Kans.; Taylor*

1. HOMESTEAD: Covered by extension of corporate limits.

*v. Boulware, 17 Tex., 74; Bassett v. Messner, 30 Id., 604; Nolan v. Reed, 38 Id., 425; Finley v. Dietrich, 12 Iowa, 516; Barber v. Rorabeck, 36 Mich., 399.*

We find it unnecessary to decide the point here, because it matters not that the plaintiff may have been entitled to hold the five acres, if, by his acts or omissions, he has waived his legal rights.

The homestead act of 1852—our first piece of legislation on the subject—pointed out no particular mode by which the debtor was to declare his purpose to claim the land, upon which he lived, as free from execution. Hence it was held that he might effectually make known his claim even on the day of sale. *7omlinson v. Swinney, 22 Ark., 400; Lindsay v. Merrill* (misprinted Norrill), *36 Id., 545.*

2. SAME: How protected from

But the constitution of 1868 required the homestead to be selected by the owner. The act of March 28, 1871, provided how and when such selection should be made. And in *Norris v. Kidd, 28 Ark., 285*, it was ruled that the right was lost if not asserted in the statutory mode.

The present constitution contains a similar provision. And the act of 1871, as amended March 9, 1877, is still in force. *Mansf. Dig., sec. 3006.* These acts regulate the claim and ascertainment of exempted property. Land and chattels are upon the same footing in this respect. The debtor must claim his exemptions. The mere filing of a schedule is not enough. He must see to it that a supersedeas issues. If the officer neglects or refuses to do his duty, mandamus or an appeal lies, according to the fact whether he is a ministerial or a judicial officer. And a failure to prosecute the remedy is a waiver of the right. *Healy v. Connor, 40 Ark., 352; Cason v. Bone, 43 Id., 17; Butt v. Green, 29 Ohio St., 667.*

An application of these principles leads to the conclusion that, if the answer is true, as the demurrer admits, the plaintiff

is estopped to assert his claim to more than one acre; and that the bill itself states no sufficient case for an injunction.

The decree is reversed and the bill dismissed.