RUFUS J. BALDWIN *vs.* GEORGE R. ROBINSON, impleaded, etc.

September 24, 1888.

Homestead—Extent—Lands within City Limits, but not Platted.—
A homestead, which has never been platted or laid out, subsequently brought within an incorporated town, city, or village by a legislative enactment extending the corporate limits, cannot be diminished or reduced in area by the laying out or platting of contiguous and surrounding lands, by other persons than the homestead claimant.

Plaintiff brought this action in the district court for Hennepin county, to restrain the defendant Robinson, a judgment creditor, and the other defendant, (the sheriff of the same county,) from selling on execution certain real estate in Minneapolis, alleged by plaintiff to be part of his homestead, and to set aside a levy already made. The action was tried by *Rea*, J., who ordered judgment for plaintiff, which was entered, and the defendant Robinson appealed.

*Chas. J. Bartleson*, for appellant.

*Smith & Reed*, for respondent.

COLLINS, J.[1] To determine this case we must construe a section of our statutes relating to the homestead exemption, which is certainly beyond any construction which will prove wholly satisfactory, or not subject to doubt and stricture. Section 1, chapter 68, Gen. St. 1878, exempts from seizure and sale upon process of court "a homestead consisting of any quantity of land not exceeding eighty acres, and the dwelling-house thereon and its appurtenances, to be selected by the owner thereof, and not included in the laid-out or platted portion of any incorporated town, city, or village, or, instead thereof, at the option of the owner, a quantity of land not exceeding in amount one lot, if within the laid-out or platted portion of any incorporated town, city, or village having over five thousand inhabitants; or one-half acre, if within the laid-out or platted portion of any incorporated town, city, or village having less than five thousand inhabitants, and the dwelling-house thereon, and its appurtenances, owned and occupied by any resident of this state," etc. In 1857 the plaintiff acquired one acre of land just outside of the town-site of Minneapolis, upon which he then built and has ever since resided. By means of an exchange, the tract of land was, in 1877, reduced in size and changed in form, so that when defendant commenced proceedings to subject a part thereof to the satisfaction of his judgment, it was 165 by 198 feet. It is not material for us to inquire whether plaintiff's tract of land was exempt when he first occupied it, for the defendant's rights, if he has any, date from February 23, 1878, the day his judgment was entered and docketed. If any part of the tract was then subject to execution and sale, the judgment became, and thereafter remained, a lien. The land was then within the limits of a city of much more than 5,000 inhabitants, and for miles around and about the premises it was laid out, platted, and thickly settled. It largely exceeds in area the lot contemplated by the statute, for the word "lot" is used in the sense of a city, town, or village lot, according to the plat of the city, town, or village in which it may be situated. *Wilson* v. *Proctor*, 28 Minn. 13, (8 N. W. Rep. 830.) Is it, then, included in the laid-out or platted portion of the municipality?

[1] Vanderburgh, J., took no part in this case.

Prior to the passage of chapter 66, Laws 1875, the words, "the laid-out or platted portion of," which now seem so obscure and indefinite, did not appear in the section under consideration. If within the limits of a municipal corporation, the exemption was of a half acre, or a quantity of land not exceeding in amount one lot, depending upon the number of inhabitants in the town, city, or village. It is obvious that by inserting these words the legislature intended to increase the size of some homesteads, to distinguish between homesteads which lay outside and those which are within the "platted or laid-out portions" of the corporation. The difficulty is in discovering what is within and what is without. The plaintiff claims that although the tract of land upon which he resides largely exceeds in amount the lot of ordinary size, and is within the limits of a city containing over 150,000 people, and the territory about him, upon all sides and for miles around, is platted and thickly settled, it is exempt, because it has never been platted or laid out. If this view be adopted, it might lead to a somewhat surprising result; for with such a construction plaintiff can as readily hold 80 acres as the tract of about two-thirds of an acre which he now has. The obstinate debtor may not only retard the development of his vicinity, but, by omitting to lay out or plat his acres, may safely keep them beyond the reach of legal process, see them rapidly appreciate in value, witness a large city grow up and surround him, while his creditors are remediless, notwithstanding his affluent circumstances. But value has never been made a factor in our homestead act, and the objection that the debtor may in fact be abundantly able to pay his debts with the proceeds of his exempt real estate, and have remaining a comfortable homestead, is not new or novel in discussions upon the merits of the law.

Upon the other hand, if it should be held that when the agricultural homestead is legislated or otherwise (under the terms of chapter 145, Laws 1885,) brought within the limits of the corporation, and surrounded by properly laid-out or platted lots, blocks, streets, and alleys, its character is swept away, and it is at once reduced in size, we confront questions which seem to be much more practical and far-reaching than those before contemplated and discussed. For we may safely assert that we should rarely find a debtor so perverse as

to refuse to lay out and plat his land into lots when the public needs require him to do so, and its value became sufficiently great to make it an object pecuniarily. As the right to extend the boundaries of all municipal corporations, except villages, rests, in this state, with the legislature, it may arbitrarily, to the owner's prejudice and against his will, include within the town or city limits lands not needed for town or city purposes, and make that urban which is, in fact, agricultural. The owner is powerless to prevent it, and, when once he is brought within the corporate limits, he is equally powerless to prevent his neighbors from surrounding him with laid-out and platted portions of the municipality. It will be no answer to his creditor for him to say that his lands are agricultural still, of no value for residence purposes, and that his exemption has been reduced against his remonstrances, without reason, and by his neighbors only. The fact remains that without his consent, and perhaps very unjustly, his homestead has been reduced so much in area as to be of no value as such. It is neither a farm nor a town or city lot, and his valuable right of exemption, which has always been favored and protected when it could be consistently done, swept away through no act of the claimant. With all of the protecting legislation upon this subject, we are of the opinion that such a result was far from the minds of the law-makers when enacting the amendment of 1875.

As plaintiff was entitled to the entire tract as a homestead before other persons laid out and platted the adjoining lands, the right still remains; it cannot be taken away, except by legislation in plain and unambiguous terms. Such a purpose cannot be inferred. The owner of the homestead may plat it into lots and blocks, if he chooses, and thus voluntarily reduce it to a half acre, or, depending upon its locality, to the size of an ordinary lot; or a resident of the state desiring to avail himself of his homestead rights may select it within the laid-out or platted portion of a town, city, or village. But it would seem unjust and inequitable to say that, after the choice is made, and a homestead selected, its area can be controlled, regulated, or reduced by other persons, not acting in a legislative capacity. This seems to be the view expressed in other states, although the wording of their statutes is not precisely that of ours. *Finley* v.

*Dietrick,* 12 Iowa, 516; *McDaniel* v. *Mace,* 47 Iowa, 509; *Barber* v. *Rorabeck,* 36 Mich. 399; *Bassett* v. *Messner,* 30 Tex. 604.

Judgment affirmed.

NOTE. A motion for reargument of this case was denied, October 4, 1888.