ANNA R. MINTZER vs. ST. PAUL TRUST COMPANY, Administrator.

February 9, 1891.

Homestead—Rights of Widow—Appeal from Probate Court.—An appeal lies to the district court from an order of the probate court fixing and determining the rights and estate of a surviving husband or wife in the homestead, under the provisions of Laws 1883, c. 58, § 1, relating to the descent of lands.

Same—Unplatted Tract in Platted Portion of City.—The words "within the laid-out or platted portion" of a municipal corporation, found in Gen. St. 1878, c. 68, § 1, relating to homestead exemptions, construed. Held, that a tract of land, to be within the laid-out or platted portion of such corporation, must itself be laid out or platted, or that its owner must have performed acts with reference to it which are equivalent to a laying out or platting.

Same—Waiver by Widow—Fee-Simple in One-Third.—A surviving husband or wife entitled to hold a homestead under the provisions of Laws 1883, c. 58, § 1, cannot be allowed to waive a claim to the homestead fixed by law, and take a part thereof, to the injury of other parties interested in the distribution of the decedent's estate.

Appeal by plaintiff from a judgment of the district court for Ramsey county, *Brill*, J., presiding, reversing an order of the probate court.

*McMillan & Lewis*, for appellant.

*Harvey Officer*, for respondent.

COLLINS, J.[1]   At the time of his decease, in 1883, one William L. Mintzer, who died testate, owned and resided upon a tract of land of about 30 acres, situated within the corporate limits of St. Paul, then a city of more than 40,000 inhabitants. In 1888, the appellant, his widow, petitioned the proper probate court to set apart, of this tract, a homestead for her use, as provided by statute, which homestead she particularly described by metes and bounds, equivalent in area to "one lot," as that term is used in Gen. St. 1878, c. 68, § 1, and included the dwelling-house in which the deceased and his family resided in his lifetime. Upon a hearing of the petition the court set apart and vested in appellant, for the term of her natural life, the lot or tract of land described in the petition as and for the homestead she was entitled to hold under the provisions of Laws 1883, c. 58, § 1, and thereupon the present respondent appealed to the district court, in which, upon findings duly made and filed, judgment was entered reversing the order appealed from, and awarding and assigning to the widow, as the homestead of the deceased at the time of his death and to be held by her as such, the entire tract of about 30 acres, with its hereditaments and appurtenances. From this judgment the widow appeals, contending—*First*, that the order made in probate court was not appealable; and, *secondly*, in any event, that, as the premises were within the laid-out or platted portion of a city of more than 5,000 inhabitants at the time of her husband's death, his legal homestead was the smaller tract described in her petition, and not the larger, of which it was a part.

1. While the fourth subdivision of section 13, c. 49, Gen. St. 1878, is not as clear and explicit as it might have been made in reference to this subject, we are of the opinion that with a fair and reasonable construction of its terms it includes the order appealed from, and

[1] Vanderburgh, J., because of sickness in his family, took no part in this case.

that the district court did n >t err in its refusal to dismiss the appeal. This order determined the area of the homestead, setting it apart for the widow's use during the term of her natural life, and as a share of the estate to which she was entitled. To this extent it allotted, portioned out, and distributed her share in the estate of her deceased husband.

2. In order to dispose of the second question we are obliged to construe that part of Gen. St. 1878, *c.* 68, § 1, so recently under consideration in *Baldwin* v. *Robinson,* 39 Minn. 244, (39 N. W. Rep. 321,) wherein it was truthfully said that the section is beyond any satisfactory construction. The conclusion therein reached might well have been placed upon the precise view of the statute herein taken, but the facts were quite different, and did not seem to demand the construction which we shall now adopt as one which will prevent further confusion upon, and contention over, the subject. It is not improbable that so much was said in that case, of no great relevancy, but by way of illustration and argument, that it has served to mislead the profession and induce its members to suppose that the result in every case where a homestead right to a tract of land greater in area than one lot or a half-acre, as the fact might be, lying within the limits of a municipality, was asserted, would depend upon a variety of circumstances, and could not be determined by a fixed rule,—the result of a construction of a vexatious statute. Such seems to have been the view of counsel in this action, for both have cited and relied upon the case referred to. The tract of land owned and occupied by the deceased in his lifetime, about 30 acres, was within the limits of the city when he died, at which time appellant's rights attached. It was acre property, had never been platted, but upon one side was a tract of about the same size, which had been laid out and platted by its owner into lots, blocks, streets, and alleys. A road used by the public crossed it from east to west, but this we do not regard as of consequence to either party. The real question is, was the land within the laid-out or platted portion of the city? If it was, the judgment of the district court must be reversed. Prior to 1875, a homestead, if within the limits of a municipal corporation, could not consist of more than one lot or a half-acre, depending upon the num-

ber of its inhabitants. The words now to be construed were then inserted by way of amendment to the section, and they must be given a meaning which will render them practical as well as effectual. The design of the legislature must be discovered, if possible. As was said in the *Baldwin Case*, any construction which may be put upon certain parts of the section may lead to surprising, and possibly unfortunate, results in some instances, but we are of the opinion that a tract of land, to be within the laid-out or platted portion of a city, as that language is used in section 1, must be itself laid out or platted. It must be a part and parcel of that portion of the municipality which is either laid out or platted, and not merely a tract of ground, not subdivided in any manner, but which may be surrounded in whole or in part by tracts which have been laid out or platted by other parties. This construction of the statute is the only one which will prove reliable, and which can be applied to all cases alike without regard to the infinite variety of circumstances surrounding each case, some of which were discussed in *Baldwin* v. *Robinson*, others being presented by the situation in this. The rule we have thus adopted for determining what is and what is not a statutory homestead within the limits of an incorporated town, city, or village, has the merit of certainty, and is not, upon a somewhat similar statute, without judicial sanction. *McDaniel* v. *Mace*, 47 Iowa, 509. But from what has been said it must not be understood that a formal laying-out of land, or its regular platting into lots, blocks, streets, and alleys according to the statute, is absolutely essential in order to reduce the area of the homestead from the larger to the smaller tract, for there might be acts of the owner which would amount to the laying-out of his property and equivalent to its platting. He might, by an actual subdivision of it in some other manner, divest it of its suburban or agricultural character, and transform it into a city lot, as thoroughly as if it was platted under the statute.

Another position has been taken by the appellant, to which reference has not heretofore been made. It is urged that the widow had the right to waive her claim to the greater area of land, and select a smaller out of it as her life-estate. The result of permitting her so to do would be to add to the real property to be distributed generally

under the will (by the terms of which the widow would be entitled to the fee of an undivided one-third of that to which she had waived her claim) a quantity of land which otherwise, and as the decedent's homestead, would go to other legatees and devisees, subject only to the widow's life-estate. Presumably it would increase the value of her estate, (under the will,) and diminish the value of that to be distributed among others. It would convert her life-estate in nearly 30 acres of land to a title in fee to one-third thereof, to the injury of other devisees and legatees named in the will. For these reasons appellant's position is untenable.

The remaining assignments of error need no special mention.

Judgment affirmed.