L. D. FROST, Appellee, v. GEO. S. RAINBOW, Sheriff, *et al.*, Appellants.

1. **Homestead:** EXTENT: TOWN PLAT. A ten acre tract of land, forming a part of a tract of twenty-two acres designated upon the plat of an addition to an incorporated town as an "out-lot," and not subdivided into lots, streets and alleys, as for town purposes, as are other portions of the plat, is not a part of a town plat within the meaning of section 1996 of the Code, limiting the extent of land that may be held as a homestead to one-half acre if within a town plat, although such tract lie within the corporate limits of the town.

*Appeal from Shelby District Court*—HON. N. W. MACY, Judge.

WEDNESDAY, MAY 18, 1892.

ACTION in equity to restrain the sale of certain land claimed by the plaintiff as a homestead. There was a hearing on the merits, and a decree in favor of the plaintiff. The defendants appeal.—*Affirmed.*

Smith & Cullison and Foss & Stuart, for appellants.

Byers & Lockwood, for appellee.

ROBINSON, C. J.—In the year 1859, James M. Long, who then owned the northwest quarter of section 18, in township 79 north, of range 38 west, caused to be platted thereon what is known as Long's Addition to Harlan." At that time Harlan was an unincorporated town. Nearly all the land included in the plat was subdivided into streets, alleys, blocks, and lots. The streets were sixty-six feet in width, excepting two, which were eighty feet. Most of the blocks were subdivided into twelve lots, each of which is about forty-four by one hundred and twenty feet in size. Three of the blocks surrounded by such lots were not subdivided, but whether they were designed for public use as parks is not shown. On the west side of the quarter section, commencing at the north boundary line, was a strip of land seven hundred and forty-five feet wide at the north end, and eleven narrower at the south end, containing twenty two acres, not subdivided, which was marked "Outlot One," and named "Lillie Park." South of this tract of land was another, containing about five acres, marked "Outlot Two." South of that lot was a street, which was the north boundary of two blocks, one of which was subdivided into lots. South of these two blocks was a street, and south of that a tract marked "Outlot Three," containing about five acres. South of outlot three was outlot four, of about the same size. Lillie Park and all the outlots south of it were bounded on the east by Second avenue, but there was no streets north or west of any of them, excepting the two streets north and south of the blocks which were between outlots two and three. In the year 1869 the north ten acres of Lillie Park, constituting the land in controversy, was conveyed by

Long to the plaintiff. In the year 1879, on the petition of the plaintiff and others, the town of Harlan, including Long's addition, was incorporated. The plaintiff is a married man, the head of a family, and has occupied the tract in controversy as a place of residence for himself and family, at least since the year 1877. The plaintiff became indebted to the defendants Sarah I. Stutsman and Harl, Hass & Co. in the years 1884 and 1888. Judgments in their favor have been rendered on the indebtedness, and executions have been placed in the hands of the defendant sheriff for service, and levied upon the land in question. It is alleged in the answers, although not proven, that the plaintiff and his wife have been requested, since the executions were levied, to select and plat their homestead; that they failed to do so; and that it has been done by the sheriff. It is also claimed by the appellant in argument that the value of the tract platted by the sheriff exceeds five hundred dollars. As none of these claims are denied by the appellee in argument, but inferentially admitted, they may be taken as true for the purposes of this appeal.

It is agreed by the parties that the only question to be determined is whether the ten-acre tract in controversy is so included within the town plat of Harlan as to be exempt to the plaintiff as a homestead. If it is so exempt, the decree of the district court should be affirmed. Sections 1988 and 1996 of the Code are as follows:

"1988. Where there is no special declaration of the statute to the contrary, the homestead of every family, whether owned by the husband or wife, is exempt from judicial sale."

"1996. If within a town plat, it must not exceed one-half an acre in extent; and if not within a town plat, it must not embrace in the aggregate more than forty acres. But if, when thus limited, in either case

its value is less than five hundred dollars, it may be enlarged till its value reaches that amount."

In *Finley v. Dietrick*, 12 Iowa, 518, it was said that a town plat "is a tract of land laid out into lots, streets, and alleys, duly platted and recorded." In *McDaniel v. Mace*, 47 Iowa, 510, it was said that a town plat, within the meaning of the statute, did not mean simply the territory of a town, but "a subdivision of land into lots, streets, and alleys, marked upon the earth, and represented upon paper." It is said that Long platted the entire quarter section of land, and that Lillie park constituted a lot within his plat. We are of the opinion, however, that a lot, within the meaning of the definition given, is a tract of land designed for use for town purposes, as it is described in the plat, and not one which is reserved for further subdivision. In this case the plat indicates that the land in question was a part of a large tract, which, for some reason not disclosed, was not subdivided as were other portions of the addition, and yet was not designed to be used as it was left for town purposes. Although it was named a park, it does not appear to have been dedicated to any public use. It was of unusual size, much larger than any of the regular blocks of the plat, was on the border of the town, and accessible only on one side. The name given to it, "Out-lot One," in harmony with the designations of other tracts somewhat similarly situated, is some indication that it was intended to be distinguished from the regularly platted portion of the addition. These facts tend strongly to show that Lillie park was reserved for further subdivision, or for other than town purposes, and therefore that it is not within the town plat of Harlan, within the meaning of section 1996 of the Code. We conclude that plaintiff is entitled to hold as a homestead the entire tract in controversy.

The decree of the district court is AFFIRMED.