R. B. PARROTT, Appellant, v. A. A. THIEL AND BELLE THIEL.

Homesteads: WHAT IS TOWN PLAT: *Extension of Incorporation.*
Code 1873, section 1996, provides that the homestead, if within
a town plat, must not exceed one-half acre, and, if not within
a town plat, not more than 40 acres. Section 568 gives the
auditor the right to make the plat if the owner fails to do so.
Defendants occupied as a homestead a lot containing two acres
within the corporate limits of Des Moines. A plat of land
including the lot in question was made by the county auditor
in 1889, at which time the lot was outside the corporate lim-
its, which in 1890 were extended so as to embrace the lot.
The plat showed neither streets nor alleys. *Held*, that the
plat was not a town plat, but was made under section 569,
which provides that where any tract is owned by two or more
persons, and the description of any part is not definite, the
auditor, for convenience in assessing the same, may cause a
plat to be made and recorded, and the mere extension of the
corporate limits could not make it a town plat, and therefore,
the lot not being within a town plat, defendants were entitled
to the whole as a homestead.

*Appeal from Polk District Court.*—HON. C. A. BISHOP,
Judge.

SATURDAY, MAY 31, 1902.

ACTION in equity to subject certain real estate to the
lien of a judgment. From a decree in defendant's favor,
plaintiff appeals.—*Affirmed.*

*A. K. Stewart* and *R. B. Parrott* for appellant.

*Bailey, Ballreich & Preston* for appellees.

WATERMAN, J.—Defendants are husband and wife.
They own lot 11, containing two acres, in subdivision of lot
9 of the official plat of east ½ section 31-79-23, Polk county,
and which is now within the corporate limits of the city of

Des Moines. This lot is one of 16 in said subdivision, most of which are of the same size and shape. It is 70.9 feet wide and 1,228.6 feet long. At the time of platting, the land was outside the Des Moines city limits, and not within those of any city or town. The plat was made by the county auditor, under section 569, Code 1873, on March 9, 1888. During the year 1890 the city of Des Moines extended its limits so as to embrace this land. Defendants acquired title to lot 11 in the year 1892. It is their home. In 1894 plaintiff secured the judgment which he is seeking to enforce. The plat shows neither streets nor alleys, but a witness testifies that a street runs along one side of the subdivision, and a road along the other side.

The question we have to determine is the extent of the homestead which defendants are entitled to hold exempt. Section 1996, Code 1873, provided that the homestead "If within a town plat, must not exceed one-half acre in extent, and if not within a town plat, it must not embrace in the aggregate more than forty acres." This court has held that to limit the homestead to one-half acre, it must lie not only within the limits of the municipality, but within the platted portion thereof, and be itself platted. *McDaniel v. Mace*, 47 Iowa, 509; *Beyer v. Thoeming*, 81 Iowa, 517; *Frost v. Rainbow*, 85 Iowa, 289. As said in these cases, the intent of the owner to give his land a municipal character must appear in order to restrict his rights. Whether the general assembly can either directly or indirectly express such intent for him may be questioned. *McDaniel v. Mace, supra.* But we are not called upon to determine the proposition. Section 559, Code 1873, provides for the owner of land who desires laying out a town or city or an addition thereto, making and recording a plat thereof. Section 568 gives the auditor the right to make the plat in the instances referred to in section 559, if the owner fails to do so. While the auditor in the present case purports to have made this plat under section 568, it is

clear he did not do so. At that time the land was not within the city limits. There is nothing in the record to indicate that the owner intended it as an addition. To our minds it is clear the plat was made under sectione 569, which provides that when any tract of land is owned by two or more persons, and the description of any part is not definite and certain, the auditor, for convenience in assessing the same, may cause a plat to be made and recorded. That is not a municipal plat. It might be made of any subdivision in the county. It does not fix the character of the land, but only its description, and the extension of the corporate limits of the city could give the plat no force or effect which it did not originally have. The fact that defendants purchased the lot after it was included within the limits of the city would not affect their rights. *Finley v. Dietrick*, 12 Iowa, 516. In our opinion, the land is not within a town plat, as comprehended in section 1996, and therefore defendants are entitled to hold it all as a homestead.

The decree of the district court is AFFIRMED.