## HARRIS *v.* HENRY.

### Opinion delivered March 18, 1905.

HOMESTEAD—SUPERSEDEAS—APPLICATION TO QUASH.—Where an execution defendant gave notice that he would claim part of the property levied on as exempt, and pursuant to such notice filed his schedule and affidavit claiming certain lands as exempt, and the plaintiff objected thereto, but the clerk overruled his objections and issued a supersedeas, the plaintiff was entitled to apply to the court which issued the execution to quash the supersedeas, and it is immaterial that his application was styled an appeal.

*W. S. McCain* and *C. H. Harding,* for appellant.

The appeal to the chancery court will be treated as a motion to quash the supersedeas. 36 Ark. 481; Sand. & H. Dig. § 3798.

*X. O. Pindall* and *Campbell & Stevenson,* for appellee.

The supersedeas was properly issued. Kirby's Digest, § 3906. No objection was raised to the schedule, and there was no fact to be determined by the clerk. Kirby's Digest, § § 3909-3915.

BATTLE, J. Appellant correctly states the facts in this case as follows: "The clerk of the Desha Chancery Court issued an execution on a personal judgment which had been entered in

that court in favor of appellant against appellee. The sheriff levied the execution on west fractional half of section 33, township 12 south, range 3 west, and other land and certain personal property belonging to appellee, H. L. Henry.

The appellee gave notice that he would claim part of the property so levied as exempt. Pursuant to his notice, appellee filed his schedule and affidavit claiming said land and certain of the personalty as his exemptions.

To this schedule and claim appellant filed his exceptions, assigning three grounds, as follows:

1. That appellee was not a married man or head of a family.

2. That the land claimed as a homestead, viz., west fractional half, section 33, township 12 south, range 3 west, contained more than 160 acres; that it was worth more than $2,500; and that it was not, and never had been, appellee's homestead or place of residence.

3. That if said land had ever been appellee's homestead, he had abandoned it; that the schedule did not purport to embrace all of appellee's property, and that the personal property claimed exceeded in value $500. Appellant, therefore, prayed that a supersedeas be refused. The clerk overruled the exceptions, and issued a supersedeas. Thereupon, appellant prayed an appeal from the clerk to the Desha Chancery Court. When the court met, appellee moved to dismiss the appeal, which motion the chancellor sustained, and appellant's appeal from the clerk was dismissed, and the court refused to entertain jurisdiction of the matter."

Appellant denied the right of appellee to hold the property scheduled, and insisted that it was subject to execution. The clerk refused to sustain his contention, and granted the supersedeas. He appealed from this decision to the chancery court. This proceeding amounted to an application to the chancery court for an order quashing the supersedeas and subjecting the property scheduled to sale under execution, or so much thereof as was liable. The name given to it could not change the nature of it, or change the relief sought. The court erred in dismissing it.

It was clearly within the jurisdiction and power of the court to quash the supersedeas, if it was improperly issued, and to direct the sale of so much of the property scheduled as should be sold, and to direct its officers to do whatsoever should be done to accomplish that purpose. *State Bank* v. *Noland,* 13 Ark. 299.

. The judgment of the chancery court is reversed, and the cause is remanded with instructions to the court to proceed in accordance with this opinion.

HILL, C. J., (dissenting.) That the substance should always control the form is axiomatic and readily yielded to, but in this case the invocation of that salutary principle calls for a reversal for a matter not presented to the trial court. There is no such proceeding authorized as an appeal from the action of the clerk in issuing a supersedeas. The remedy is in the court from which the execution issued to quash the execution or levy upon the grounds then presented to it. If the clerk refuses the supersedeas, the remedy is by mandamus to compel him to issue it when the applicant shows himself entitled to it. *Chambers* v. *Perry,* 47 Ark. 400.

In this case the creditor filed a paper before the clerk, setting forth alleged grounds why the clerk should not issue the supersedeas. But the clerk is not a judicial officer, and if the execution defendant files the proper schedule (as was done here), he has no discretion, and must issue the supersedeas. Upon the clerk's issuance of the supersedeas, the execution plaintiff took an appeal to the chancery court, and proceeded as is required by law for appeals from justices of the peace to the circuit court. The affidavit, bond and petition for appeal contemplated in such appeals were made. In the chancery court the execution defendant moved to dismiss the appeal thus taken. The only issue presented to the chancery court was whether it could entertain an appeal from its clerk in issuing a supersedeas against a levy on the alleged homestead. Had the creditor asked that his appeal be treated as a motion to quash, and presented the merits of his case to the chancery court, then it should have disregarded the form of it, and looked to the substance, and ascertained if the appeal papers contained matters which, if presented in a motion to quash the levy, would be held sufficient.

But nothing of that kind was done. The appealing party stood on his appeal from the clerk, and, when the chancery court properly held that an appeal did not lie, instead of presenting a motion to quash, or asking those papers to be treated as such motion, he appealed to this court. This court now finds that an appeal does not lie, but reverses the case because the chancery court did not treat the papers as something which the party presenting them did not ask—a motion to quash. That question is presented for the first time after this appeal is brought to this court, and the minority of the court are of opinion that the appellant invited a ruling on his right to appeal from the clerk's action, and obtained a correct ruling thereupon, and that he cannot now ask a reversal upon another view of his own papers which he did not present to the chancery court.

One of the alleged grounds for quashing the execution levy is that the land exceeded in value the maximum allowed as exempt by the Constitution. Section 3909, Kirby's Digest, provides in such cases that the clerk (or justice) shall, on application, appoint appraisers, who shall report upon such claim, and section 3910 prescribes the duty of said appraisers, and section 3911 prescribes the duty of the clerk, accepting the finding of the appraisers, and section 3915 gives either side the right of appeal from the board of appraisers.

That course was not pursued here, and a familiar rule of construction is that, when a statute prescribes a remedy, that remedy for a right therein conferred is exclusive. If the extremely liberal construction adopted by the majority should prevail, it should not be carried so far as to include the right to raise the question of valuation which should have been raised as provided by statute.

Mr. Justice Riddick concurs in the dissent.