## MARRABLE *v.* HAMILTON.

### Opinion delivered December 14, 1925.

1. TRUSTS—RESULTING TRUST—PAYMENT OF PURCHASE MONEY.—To constitute a resulting trust in property by reason of payment of purchase price, the payment must be made at the same time or previous to the purchase, so as to constitute a part of the same transaction, and will not result from payments made subsequent to the consummation of the purchase.

2. TRUSTS—BURDEN OF PROOF.—One alleging a resulting trust has the burden of establishing the essential elements of a trust by clear and satisfactory evidence.

 Appeal from Columbia Chancery Court; *J. Y. Stevens,* Chancellor; reversed.

 *John Marrable* and *Joe Joiner,* for appellant.

 *Henry Stevens* and *Edwin Upton,* for appellee.

 McCULLOCH, C. J. Appellee instituted this action against appellant in the chancery court of Columbia County seeking to establish a resulting trust in certain real estate in the town of Magnolia. He seeks to have the trust established on the ground that by agreement between him and appellant the latter was to purchase the lots from W. A. Scott, the owner, that he (appellee) should pay one-sixth of the purchase price and become the owner of an undivided one-sixth of the property to be purchased, and that this arrangement had been carried out by appellant consummating the purchase from Scott and securing a deed, but that appellant had refused to comply with the terms of the agreement by executing to him a conveyance for his undivided one-sixth. On the trial of the case in the chancery court there was a finding

in favor of appellee, and a decree was rendered establishing a trust in his favor.

Appellant resided at Magnolia, and purchased the property in controversy from W. A. Scott and received a deed of conveyance from Scott, dated April 22, 1921. The consideration for the purchase, as recited in the deed and as shown by the testimony in the case, was the total price of $1,000, payable $300 cash and the balance in seven equal monthly installments. Appellant made the cash payment of $300 and executed to Scott his notes for the balance in installments with interest at ten per cent. per annum.

It appears from the uncontradicted evidence that two other persons, R. M. Black and Mrs. Elizabeth M. Cox, wife of J. B. Cox, were interested with appellant in the purchase of the property from Scott, and that it was agreed between them prior to the purchase that each of the parties named was to pay one-third of the purchase price, and become the owner of that much interest in the property to be purchased. There is no controversy between appellant and those two persons in regard to their respective interests in the property. A. L. Brewer and appellee were at that time interested in buying and selling oil leases under the partnership name of Independent Oil & Lease Company. Brewer was staying at Magnolia, carrying on the business, and boarded with appellant at the latter's hotel. Appellee lived at Hartford and furnished the money to Brewer with which to carry on the business of the Independent Oil & Lease Company. Brewer drew drafts on appellee from time to time in carrying on the business.

Appellee testified that on April 23, 1921, he was in Little Rock, and Brewer called him up by telephone and spoke to him about acquiring an interest in the property in controversy in the town of Magnolia. Upon his assenting to the purchase, Brewer drew a draft on him for fifty dollars in favor of appellant, and he paid the draft when it came. which was on April 27, 1921. He testified further that about two months later he made two monthly

payments of $16.50 each, and about seven months later offered to make the remaining payment to appellant, but the latter refused to accept the payment and refused to make a deed.

Appellee introduced in evidence a letter received through the mails purporting to be written by appellant, dated June 18, 1921, setting forth the terms of the purchase from Scott and containing the following statements:

"The purchase price of the lot was ($1,000) one thousand dollars, payable $300 cash, balance $100 per month, and as you have a one-sixth interest your first payment was $50, and then one-sixth of $100 for seven months. When the first payment was due, I paid your part, as I did not know Brewer bought for you. The second payment will be due the 21st of June this month, so you can send me a check to cover the two payments. The note bears 10 per cent., so you can figure what it is, and send me check to cover the two payments. It was agreed between the others that when the lot was paid out I would deed each one his part, as the lot was deeded to me, and the notes made out against me. When are you coming down again? I don't think there is much doing at present in trading of leases and etc."

The letter contained no description of the property in controversy.

Appellee also introduced in evidence a receipt signed by appellant, dated April 23, 1921, acknowledging payment of fifty dollars by A. L. Brewer "as part payment on lots bought of W. A. Scott." The receipt contained a further recital that the fifty dollar payment was for "one-sixth interest," and that deeds were to be delivered later, but the instrument contained no description of the property purchased.

Appellant testified that at the time of the purchase of the property from Scott he had an agreement with Black and Cox in relation to their interests, and that they paid part of the purchase money, but nothing was said

by him to Brewer about the purchase until after it was consummated.

It is conceded that the testimony is insufficient to establish an express trust, for the reason that the only writings introduced in evidence fail to describe the property so as to take the transaction out of the operation of the statute of frauds. It is contended, however, that the evidence is sufficient to establish a resulting trust by reason of the fact that by agreement between the parties appellee was to join in the purchase, and that he paid part of the purchase price pursuant to that agreement. The chancellor based his decree upon the finding that a resulting trust had been established by the evidence.

It has become the settled doctrine of this court that, in order to constitute a resulting trust by reason of the payment of purchase money, the payment must be made at the same time or previous to the purchase and must be a part of the transaction. In other words, the payment must be prior to, or contemporaneous with, the purchase so as to make it a part of the same transaction, and a trust will not result from payments subsequent to the consummation of the purchase. *Sale* v. *McLean,* 29 Ark. 612; *Red Bud Realty Co.* v. *South,* 96 Ark. 281; *Hunter* v. *Feild,* 114 Ark. 128. We are of the opinion that the evidence in this case fails to show that there was a payment made by appellee, or an agreement with reference thereto, at the time of the purchase or prior thereto. The uncontradicted evidence is that the purchase from Scott was consummated on April 22, 1921, and that the first connection appellee had with the purchase was a day later, on April 23, 1921. It is true that this is a very narrow margin of time, and, if there were circumstances in the case which justified it, this short period might be bridged so as to hold that the transactions were contemporaneous, but there is no circumstance proved in the case to show that there was any connection between appellee and appellant or between Brewer, appellee's agent, and appellant, prior to the payment of the money on the

day mentioned. The receipt shows that the money was paid on April 23, and appellee himself testified that that was the day the payment was made, and appellee does not claim to have had any transaction with appellant prior to that date. Brewer did not testify in the case, and there is no testimony tending to show that there were any negotiations or agreements between appellant and Brewer prior to April 23, the day after the execution of the deed. Appellant testified positively that nothing took place between him and Brewer in regard to the matter until after his purchase from Scott had been consummated, and he is not contradicted, but on the other hand is corroborated by both Cox and Black, who testified that Brewer had nothing to do with the purchase from Scott, and that they never knew, until after the consummation of the deal, that Brewer or appellee were to become interested.

The burden is on appellee to establish the trust by clear and satisfactory evidence, and he has failed to prove the essential elements of a trust—the essential facts from which a trust would result, that is to say, that the payment was made as a part of the transaction of purchase.

The chancery court erred in its decree, and the same is reversed, and the cause remanded with directions to enter a decree dismissing the complaint for want of equity.