UNITED STATES FIDELITY & GUARANTY COMPANY *v.*
HICKS.

Opinion delivered October 14, 1929.

*O. A. Featherston* and *Alfred Featherston*, for appellant.

*Pinnix & Pinnix, Feazel & Steel* and *McMillan & McMillan*, for appellee.

HUMPHREYS, J.  On the 18th of November, 1918, Lavisa A. Mitchell was appointed guardian of her minor daughter, Ruby May Ozment, by the Pike County Probate Court, and appellant became surety on her bond. In 1919 Mrs. Mitchell and her husband, V. B. Mitchell, bought a farm in said county from R. D. Stewart, paid down $350, and executed their notes in the sum of $2,650

for the balance of the purchase money. He left the notes in the Bank of Amity for collection. The bank collected partial payments on them from time to time, as a matter of accommodation. The bank did not know, until after it purchased the notes in December, 1921, from R. D. Stewart, that Mrs. Mitchell had been appointed guardian for her minor child, nor the source from which she received the money with which she made payments upon the notes. As a matter of fact, the money was paid to Mrs. Mitchell by the United States Government, on account of the father of the minor child being killed during the World War while serving as a soldier. She received altogether monthly payments in the sum of $45, $20 of which was allowed her by the Veterans' Bureau and $25 by the War Insurance Bureau. The monthly payments came in the form of checks payable to Mrs. Mitchell, as legal guardian for Ruby May Ozment. On April 12, 1920, the probate court of Pike County made an order allowing Mrs. Mitchell, as guardian, $25 a month for the care and maintenance of the ward. The bank purchased the land notes against the Mitchells on December 21, 1921, and prior to that time had collected thereon for R. D. Stewart $1,450. The money was paid to the bank in cash, and credited upon the notes. After the bank purchased the notes on December 21, 1921, Mrs. Mitchell paid it the total sum of $1,295 upon the land notes in cash. All the payments, both before and after December 21, 1921, were made by Mrs. Mitchell out of the funds she received from the government after she collected the checks. None of the checks themselves were indorsed over to the bank as payments upon the land notes, and none of the proceeds of the government checks were deposited in the Bank of Amity. It cashed many of the checks for her, but the money was not deposited in its bank. The Mitchells never paid all that was due upon the land notes, and the bank foreclosed its lien for the balance due thereon, and the proceeds from the sale of the land under the fore closure proceedings were credited upon the judgment

lien. During the continuation of the guardianship Mrs. Mitchell filed annual settlements, which were approved by the probate court of said county.

Mrs. Mitchell married a Mr. Hicks, and her daughter married a Mr. Copelin. After these marriages, Ruby May Ozment Copelin brought a suit in the chancery court to set aside the guardianship settlements for fraud, and upon the trial of the cause obtained a judgment against her mother for $1,669.53. She then sued her mother and her bondsman, appellant herein, for the amount found due by the probate court, and on March 20, 1928, obtained a judgment in said court against her guardian and said bondsman for $1,829.53. The bondsman, appellant herein, paid this judgment March 31, 1928, and immediately filed the present suit against the guardian and the Bank of Amity for the amount it had paid, upon the theory that it was entitled to be subrogated to the rights of the ward, Ruby Ozment Copelin. In addition to making said judgment the basis of this suit, it alleged that the judgment was obtained against the guardian, and it is as the guardian's surety under the allegation and upon the ground that the guardian had used her ward's funds in payment of her individual debts in the amount of the judgment, said amount having been paid to the Bank of Amity, and that said bank received the same knowing it was trust funds in the hands of the guardian for said ward. The prayer of the complaint was for judgment against both the appellees for the amount of the judgment it had paid to the ward.

The guardian filed a separate answer, denying that she paid the Bank of Amity or that it received any trust funds held by her for her ward, or that she was indebted to appellant in any sum. She interposed other defenses which it is unnecessary to mention.

The Bank of Amity filed an answer, also denying that the guardian paid it or that it received any trust or guardianship funds, and in the alternative pleading "that, should it appear that an alleged trust came into its pos-

session, that said funds were used by the said Lavisa Mitchell Hicks as guardian for said minor for the use, maintenance and benefit of said minor, and that this defendant, the Bank of Amity, had no knowledge of the trust character of said funds, and received no benefit therefrom.''

The chancery court heard the cause upon the pleadings and testimony adduced by the respective parties, which reflected, in substance, the facts stated above. The judgment rendered in the chancery court canceling the annual settlements of the guardian and surcharging the account, and the judgment rendered in the circuit court in favor of the ward against the guardian, appellant here, were introduced in evidence. All the checks from the government to the guardian were also introduced in evidence. The guardian was permitted to testify, over the objection and exception of appellant, that the monthly allowance of $20 allowed to her by the Veterans' Bureau was for the care and maintenance of her ward. The objection to this piece of evidence was that it contradicted the written checks, which stated that they were paid to her as the legal guardian of her ward. The purpose of the allowance did not contradict the checks. The checks did not undertake to state the purpose for which the allowance was made by the government. Irrespective of the purpose for which it was allowed, it necessarily had to be paid to the legal guardian for the ward. The ward was an infant, and could not transact business except through her legal representative. The evidence was therefore admissible.

The trial court rendered judgment in favor of appellant against the guardian, Lavisa Mitchell Hicks, for the amount it paid in satisfaction of the judgment in favor of the ward, Ruby Ozment Copelin, against them, from which no appeal has been prosecuted, and dismissed appellant's complaint against the Bank of Amity, basing the dismissal upon a finding that the Bank of Amity did not receive the guardianship funds from the guardian, Lavisa Mitchell Hicks, and apply them in payment of an

individual debt due it by her, knowing the funds to be trust funds, from which finding and consequent judgment of dismissal is this appeal.

The finding and judgment of the trial court was correct. A knowledge on the part of the officers of the Bank of Amity of the source from which the funds came and that, after cashing the government checks, Mrs. Lavisa Mitchell Hicks used the money to pay her individual land notes to it, did not render said bank liable for receiving and misapplying the trust funds. According to the weight of the testimony the money, although received by Lavisa Mitchell Hicks from the United States Government in her capacity as legal guardian for her ward, Ruby Ozment Copelin, was allowed to her for the support and maintenance of said ward. The government itself allowed her the monthly payment of $20 for that purpose, and the probate court of Pike County allowed her $25 for said purpose. The testimony reveals that after these allowances were made the guardian supported and maintained her ward, and sent her away to school a part of the time, and also that she spent more than the allowance upon her ward.

It is argued that the judgment surcharging the accounts of the guardian is *res judicata* of the question involved. It clearly was not *res judicata* as to the Bank of Amity, for it was not a party to that proceeding.

No error appearing, the judgment is affirmed.

KIRBY, J., dissents.