CHAFFIN *v.* CROW.

Opinion delivered November 3, 1930.

*J. M. Shinn,* for appellant.

*M. A. Hathcoat* and *S. W. Woods,* for appellee.

BUTLER, J. On the 29th day of December, 1928, Claude Crow and his entire family, consisting of his wife and five children, were injured in an accident. Crow, his wife, and four children were killed outright, and the oldest daughter, Irene Crow, a child under the age of fourteen, lived until some time the next day. At the time of his death Crow was the owner by warranty deed of certain lands in Boone and Newton counties. He died intestate, and this suit was brought by Bunk Chaffin, appellant, the father of Mrs. Claude Crow, and the maternal grand-

father of Irene Crow, seeking to be declared the owner of one-half interest in the lands of which Claude Crow died seized and possessed, and asking for a partition.

The suit was prosecuted by the appellant on the theory that he inherited a one-half interest in the lands owned by Claude Crow by virtue of the statute of descents and distributions, and upon the further theory that, although the legal title to the lands was in Claude Crow, his wife Mrs. Claude Crow was an equitable owner of an interest therein, and that a trust should be declared inuring to the benefit of the appellant. The evidence adduced by the appellant tended to show that he had at one time given his daughter, Mrs. Claude Crow, the sum of $750 and that she did a part of the work on the farm of her husband, that she also attended to a considerable part of the business, keeping the books and issuing checks, and was consulted and considered in all business transactions. In addition to this, she did her housework and raised a number of chickens each year.

It is settled by the decisions of this court that as a general thing a trust results by operation of law in real estate to the one paying the purchase money where deed is taken by another, but it is essential that such purchase money must be paid at the same time or previous to the purchase, so as to be a part of that transaction, and while parol evidence is admissible to establish such trust that evidence must be clear and satisfactory. *Sayle* v. *Mc-Lean,* 29 Ark. 612; *Dillard* v. *Battle,* 166 Ark. 241, 266 S. W. 80; *Marable* v. *Hamilton,* 169 Ark. 1079, 277 S. W. 876.

The evidence in this case fails to meet the requirement of the rule above stated, for it was nowhere shown that Mrs. Claude Crow ever used any of the money given by her father toward the payment of the purchase price of the lands herein involved, or that any of her earnings were used for such purpose. ·

Irene Crow, having survived her father and being his sole living heir, became seized and possessed of the

lands of her father by inheritance, and, she dying without descendants, the descent of the lands is controlled by § 3480 of the Digest, which is as follows: "In cases where the intestate shall die without descendants, if the estate come by the father, then it shall ascend to the father and his heirs; if by the mother, the estate, or so much thereof as came by the mother, shall ascend to the mother and her heirs; * * *." This statute was first considered and construed in the case of *Kelly's Heirs* v. *McGuire,* 15 Ark. 555, and the conclusions there reached have been followed by this court in a number of decisions down to and including the case of *Eason* v. *Highley,* 181 Ark. 933, 28 S. W. (2d) 1048. In the case of *Kelly's Heirs* v. *McGuire, supra,* the court had under consideration each of the provisions of the statute of descent and distribution, and, after a careful analysis, said: "After carefully considering each of the provisions of the statute, and all together as a whole, we have come to the following. conclusions: * * *"

"3rd. That, as to real estate, it was the design of the Legislature, where there were no descendants, to point out the lines of the succession, and that this is to depend on the fact, whether the inheritance is ancestral or new; and, if ancestral, then whether it come from the paternal or maternal line.

"4th. If the inheritance was ancestral, and come from the father's side, then it will go to the line on the part of the father, from whence it came, not in postponement, but in exclusion, of the mother's line; and so, on the other hand, if it come from the mother's side, then to the line on the part of the mother, from whence it came, to the exclusion of the father's line."

As the conveyances were made to Claude Crow, the title devolved to Irene Crow, his daughter, by inheritance, and as it came from the father it will go to the line on the part of the father to the exclusion of the maternal kin. The decree of the trial court in dismissing the bill of the appellant for want of equity and finding for the

interpleaders, the paternal grandparents, uncles and aunts of Irene Crow, appellees, must be sustained.

The decree is therefore affirmed.