## DAVIS *v.* DAY.

Opinion delivered May 7, 1892.

*Homestead—Not subject to judgment lien.*

> Since a judgment founded upon a debt contracted under the Constitution of 1874 does not become a lien upon so much of the debtor's land as constitutes his homestead, a sale of such homestead under execution does not convey title as against one who claims under mortgage executed by the debtor after rendition of the judgment and before sale, although the debtor made no written or other selection of the homestead as exempt.

Appeal from Lonoke Circuit Court.

JOSEPH W. MARTIN, Judge.

*John C. & C. W. England* for appellants.

Robinson owned 360 acres of land. He was living upon a tract adjoining the tracts sold. Until he made his selection, no question of homestead could arise. In order to avail himself of the homestead right, the defendant must file with the clerk a proper schedule and see that the clerk issues a supersedeas. 40 Ark. 352 ; 47 *id.* 400.

*Thos. C. Trimble* for appellees.

No schedule was necessary. The land was the homestead of Robinson. It was not subject to the lien of the judgment or to sale under execution. 52 Ark. 101; *ib*. 213; *ib*. 493. The debtor may sell, exchange or even give it away, and his creditors have no cause of complaint. 45 Ark. 385; 43 *id*. 434.

COCKRILL, C. J. This is a contest between the appellants and the appellees over the title to the NE. ¼ sec. 17, T. 2 N., R. 9 W⁵. The court awarded the tract to the appellees. The parties trace title to one Robinson as a common source. The appellants are execution purchasers under a judgment against Robinson, and the appellees claim through a deed of trust executed by him. The lands are in Lonoke county, and the judgment under which appellants claim was a subsisting lien on Robinson's lands (except his homestead) in that county when he executed the trust deed through which the appellees claim title, and the lien was still subsisting when the appellants purchased the quarter section in question at execution sale. As the record states that the judgment was founded upon a debt contracted under the Constitution of 1874, the judgment was not a lien upon the defendant's homestead, and a sale or mortgage of the homestead by him carried the property unincumbered by the judgment lien. *Cohn* v. *Hoffman* 45 Ark. 376.

The question for determination therefore is, was the quarter section in controversy or any part of it the homestead of Robinson?

If it was not, the appellants' title at execution sale relates to the date of the judgment in the circuit court, which is anterior to that of the deed of trust. If Robinson's homestead was on the land, the appellants can take no advantage from the circumstance that he failed to claim it as exempt as against the sale under execution, because the deed of trust, through the execution of which

the appellees derive title, was duly recorded when the levy and sale under the execution were made ; and as the judgment could not be a lien on the homestead, the appellants' title would relate only to the date of the levy, which was subsequent to the lien of the deed of trust, and the title derived through the latter would prevail.

Robinson was the head of a family and a resident of Arkansas. He established his home upon the land in dispute before the rendition of the judgment, and resided there continually until both parties to this suit had obtained their deeds. His improvements were mostly upon the tract in question. But his dwelling house, according to his testimony, was partly on the southwest quarter of that quarter section, and partly on the contiguous southeast of the northwest quarter upon which his farm extended. The northwest quarter of the northeast quarter was not improved. Robinson's testimony is further as follows, viz : "I really all the time considered my homestead to consist of the northeast quarter northeast quarter, the south half northeast quarter and southeast quarter of the northwest quarter." His testimony is conclusive of where the homestead lay.

The law is peremptory that the lien of a judgment shall not attach to a homestead, and there is no requirement that a debtor shall make a written or other selection of it in order to make it effectual against the lien. The only test is, was the land in fact a homestead ? The testimony leaves no doubt but that the south half and the northeast quarter of the tract in controversy was Robinson's homestead, and was therefore freed from the lien of the judgment under which the appellants claim. The northwest quarter of the tract was not embraced in the homestead, and to that extent the lien of the judgment attached.

It follows that the appellees have the title to three-fourths of the northeast quarter above described, and to

that extent the judgment is right ; and that the appellants have the title to the northwest quarter of the tract, and the judgment awarding it to the appellees is wrong. The judgment will be reversed, and the cause remanded with instructions to enter judgment quieting the appellees' title to the 120 acres indicated, and awarding possession to appellants to the northwest quarter of the tract.

It is so ordered.