JONES *v.* DILLARD.

Opinion delivered January 4, 1902.

1. HOMESTEAD—VALUE.—An entire tract of 160 acres cannot be claimed as a rural homestead by a debtor, or by his wife claiming under him, if the preponderance of the evidence shows that the tract exceeds in value the sum of $2,500. (Page 70.)

2.  SAME—WAIVER.—The right of homestead is a personal privilege which may be waived by the debtor's failure to claim it in the manner required by the' statute (Sand. & H. Dig., §§ 3714, 3718). (Page 71.)

Appeal from Woodruff chancery court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

### STATEMENT BY THE COURT.

Appellee seeks by this suit to enjoin the sale of lands. She alleges that S. M. Jones had sometime previously obtained judgment against her husband, A. C. Dillard, and that he had caused an execution to issue on the same, and the defendant sheriff had levied it upon the southeast quarter of section 27, township 8 north, range 2 west; that she was the owner of the southeast quarter of southeast quarter of section 27 by virtue of a conveyance which she exhibited, made to her by her husband on the 24th day of October, 1896.

The appellants answered, that on the — day of February, 1896, Jones obtained a judgment against A. C. Dillard, which was a lien upon the real estate conveyed by him to his wife, and that at the time of such conveyance the land which he owned, and upon which he had his home and resided, exceeded in value the sum of $2,500. The court found for plaintiff, and granted the injunction.

*Fletcher Rolleson* and *Hicks & Dowdy,* for appellant.

The burden of proving that the land did not exceed in value $2,500 was on appellee. 67 Ark. 232.

*P. R. Andrews,* for appellee.

WOOD, J., (after stating the facts.) The counsel for appellee states in his brief that "the only question is one of fact, and one only, and that is as to whether or not at the time of the execution of the deed to his wife in October, 1896, the entire 160 acres of land was his homestead, and whether it exceeded in value $2,500." We are not advised of the grounds upon which the chancellor based his decision. But, taking the statement of counsel, *supra,* as the theory upon which the case was tried below and here, the decree was clearly against the weight of evidence. ; The proof, we think, shows by a decided preponderance that the 160 acres, of which the land in controversy was a part, exceeded in value the sum of $2,-

500. The judgment creditor was seeking to subject the whole tract. It is clear from the answer and the proof that the homestead of Dillard was upon the tract when he made the deed to his wife. Upon this homestead, including the dwelling house or home and such contiguous lands of the tract as Dillard or his wife might select, not exceeding in value the sum of $2,500, the judgment creditor had no lien. *Stanley* v. *Snyder,* 43 Ark. 249; *Carmack* v. *Lovett,* 44 Ark. 180; *Bogan* v. *Cleveland,* 52 Ark. 101, 12 S. W. 159; *Davis* v. *Day,* 56 Ark. 156, 19 S. W. 502; *Crampton* v. *Schaap,* 56 Ark. 253, 19 S. W. 669; *Pipkin* v. *Williams,* 57 Ark. 242, 21 S. W. 433.

The right of homestead, however, is a personal privilege, of which appellee has not yet sought to avail herself as the law prescribes. Sections 3714, 3718, Sand. & H. Dig.; *Snider* v. *Martin,* 55 Ark. 139, 17 S. W. 712; *Brown* v. *Peters,* 53 Ark. 182, 13 S. W. 729; *Pace* v. *Robbins,* 67 Ark. 232, 54 S. W. 213. The complaint does not even set up the homestead right. Nor is there anything in the proof to show that the forty acres in controversy would necessarily be embraced in any selection of the homestead that could be made. The dwelling or home is not shown to be on the forty acres in controversy. On the contrary, the answer shows it to be on the west half of the southeast quarter of section 27, etc.

Reversed and remanded, with directions to dismiss the complaint for want of equity, but without prejudice.