BARNHART *v.* GORMAN.

Opinion delivered November 19, 1917.

1. HOMESTEAD—NATURE OF THE RIGHT.—The homestead privilege is a personal one, which may be waived by the person entitled to its benefits; it must be claimed by the party who seeks its benefits in the manner prescribed by statute; the burden is upon the claimant of the exemption to show that the property claimed is exempt.

2. HOMESTEAD—AREA AND VALUE.—Where appellants' claim of homestead exceeded $2,500 in value, the burden is upon her to show that it does not exceed one quarter of an acre in area, and where this fact is not shown, an exemption will not be allowed.

Appeal from St. Francis Chancery Court; *E. D. Robertson*, Chancellor; affirmed.

*Mann & Mann,* for appellant.

1. The property was a homestead and exempt, and even if the husband paid for it and took the deed in the

name of the wife, creditors can not complain. 43 Ark. 429; 75 *Id.* 205; 54 *Id.* 9; Art. 9, § 3, Const.; etc.

2. There is no question of an express trust in this case. 107 Ark. 535; 103 *Id.* 145; 56 *Id.* 585.

3. As to the bank stock there is nothing in the record to reflect upon the good faith of appellant. It was purchased with her money.

*S. S. Hargraves* and *C. W. Norton,* for appellee.

1. Appellant has received more than the $2,500 allowed by the Constitution, and has not shown that the area did not exceed one-quarter of an acre. 34 Ark. 61; 54 S. W. 213; 67 Ark. 232; Thompson on Homest. & Ex., §§ 701-2.

2. The proceeds of a voluntary sale of a homestead are not exempt. 13 R. C. L. 584; 21 Cyc. 497, and notes.

3. The bank stock belonged to the husband and he was insolvent. The chancellor so found.

SMITH, J.   J. W. Barnhart bought a certain parcel of land in the town of Forrest City on May 27, 1908, and took the title thereto in the name of his wife, who is the appellant here. He built a home on the property, which he and his wife occupied as such until the 15th day of March, 1915, at which time they sold the property for $7,500, one-half cash, and the balance evidenced by two notes, each for $1,875, due, respectively, in one and two years. Barnhart was adjudged a bankrupt by the Federal Court for the Eastern Division of the Eastern District of Arkansas on the ........... day of ........................, 1915, and appellee, H. P. Gorman, was made trustee of the estate. Claims approximating sixty thousand dollars were proved in the bankruptcy proceedings, most of which were for sums of money obtained by Barnhart through fraudulent means from his creditors. It is admitted that the finding of the court below that Barnhart furnished the money with which the homestead was purchased, and that he was insolvent when he did so, is not contrary to the preponderance of the evidence.

On March 3, 1911, Barnhart bought a thousand dollars worth of the stock of the Planters Bank, of Forrest City, and took a certificate therefor in the name of his wife. The stock was paid for by the note of Barnhart, and the note was paid by Barnhart by giving his check therefor on May 31, 1911. The court below so found the facts in regard to the purchase of the stock, and we approve that finding, although appellant says that the finding is against the preponderance of the evidence, her contention being that she furnished the money to her husband with which the stock was purchased. This certificate of stock had been attached to a promissory note of Mrs. Barnhart held by another bank in Forrest City. The court ordered this stock sold as the property of Barnhart, subject to the lien of the bank. The correctness of this finding is attacked as being contrary to the preponderance of the evidence. But, as we have stated, we think the finding of the court, that the stock belonged to Barnhart, and not to his wife, is not clearly contrary to the preponderance of the evidence.

The trustee in bankruptcy sued to impound both the bank stock, and the unpaid purchase money notes given in payment of the homestead, and obtained a decree to that effect. Mrs. Barnhart, by this appeal, questions the correctness of the finding of fact of the court below in regard to the purchase of the bank stock. But we dispose of that contention by saying that we do not think the chancellor's finding is clearly contrary to the preponderance of the evidence. The principal point in the case appears to grow out of the insistence of Mrs. Barnhart that she is entitled to claim the notes as the proceeds of the sale of her homestead.

Appellee takes issue with appellant on this position and denies its correctness for two reasons. First, because it is shown that appellant has already received more than is allowed to be exempted as a homestead; and, second, that this action does not involve the homestead itself, but involves the proceeds of a voluntary sale of the homestead, and that it is not the law that the

proceeds of a voluntary sale retain the sacred characteristics of the property from which they are derived. We have concluded that appellee is correct in his first contention, and we have not, therefore, decided whether he is also correct in his second contention.

Appellant's claim is based upon Section 3900 of Kirby's Digest, which is also Section 5, of Article 9, of the Constitution. It reads: "Sec. 3900. The homestead in any city, town or village, owned and occupied as a residence, shall consist of not exceeding one acre of land with the improvements thereon, to be selected by the owner. Provided, the same shall not exceed in value the sum of two thousand five hundred dollars, and in no event shall such homestead be reduced to less than one-quarter of an acre of land, without regard to value."

The property in question was a homestead in the town of Forrest City, and its value is shown to be $7,500, as evidenced by its purchase price, and appellant has in her possession $3,750 of this money, and it has not been shown that the area of her homestead does not exceed one-quarter of an acre. It will be observed that the homestead in a city, town or village may equal one acre in area, provided its value does not exceed the sum of $2,500, but that it may consist of as much as a quarter of an acre without regard to its value.

(1) The homestead privilege is a personal one, which may be waived by the person entitled to its benefits. *Jones* v. *Dillard,* 70 Ark. 69. And it must be claimed by the party who seeks its benefits in the manner prescribed by the statute. *Chambers* v. *Perry,* 47 Ark. 400; *Jones* v. *Dillard,* 70 Ark. 69. And the burden is upon the claimant of the exemption to show that the property claimed is exempt. *Russell* v. *Suddoth,* 123 Ark. 200; *Gibbs* v. *Adams,* 76 Ark. 575; *Pace* v. *Robbins,* 67 Ark. 232.

(2) In the case of *Pullen* v. *Simpson,* 74 Ark. 592, this court held that an insolvent debtor might use his own means, upon which his creditors had no lien, in improving his wife's homestead, if such homestead is

within the maximum area and value permitted by the Constitution. But the Constitution has placed a limit both as to value and area. Appellant's homestead exceeds $2,500 in value, and she may, therefore, claim it as a homestead only by showing that its area does not exceed one-quarter of an acre, and this she has not done. She seeks to claim the benefit of the exception to the provision of the Constitution limiting the value of the homestead to $2,500, and to do so she must show that her claim comes within the exception, *i. e.*, that her homestead does not exceed one-quarter of an acre in area.

Substantially the same question was involved in the case of *First National Bank of Owatonna* v. *Wilson*, 62 Ark. 140. There the homestead claimant owned a tract of nine acres in an incorporated town, which had not been subdivided into lots, and the value of the entire property was only one thousand dollars, and it was cultivated as a farm. The claimant contended, and the lower court decided, that, as the property did not exceed $2,500 in value, it should be treated as a rural homestead. This court reversed the judgment of the lower court, and, in doing so, said:

"The right of one who establishes his home in a city or town of this State to claim such homestead as exempt from execution depends upon this section of our Constitution (the section quoted above) and, as it provides that such homestead shall not exceed one acre of land, he can not lawfully claim a greater amount."

The section of the Constitution quoted contains a limitation both as to area and as to value, and they are equally binding on the claimant who seeks the benefit of its provisions. If one may not claim more than one acre in a town, although the value of the entire nine-acre tract of which it is a part only amounts to one thousand dollars, it must necessarily be true that one can not claim a greater exemption than $2,500 without also showing that the property does not exceed one-quarter of an acre in area. As that showing was not made, the claim of exemption was properly refused. Decree affirmed.