HATCHER v. WASSON.

4-4021

Opinion delivered November 4, 1935.

*Ezra Garner,* for appellant.

*McKay & McKay,* for appellee.

SMITH, J. Appellee Wasson, as Bank Commissioner, brought suit against L. A. Hatcher on two notes aggregating $1,567.65 in the Columbia Circuit Court on April 17, 1933, and recovered judgment for that amount on February 23, 1934, thereafter. An execution was issued on this judgment on April 13, 1934, which was levied upon the following lands: S½ of SW¼, section 19; SW¼ of SE¼, section 19; N½ of NE¼, section 20; and NW¼ of NW¼, section 30, all in township 15 south, range 20 west. On the day before the advertised date of sale under the execution Hatcher, the judgment defendant, filed a schedule of his property which he claimed to be exempt from sale as the head of a family and a citizen of the State. His personal property was shown to be of less value than $500, and was all claimed as exempt. He claimed as his homestead the following lands: SE¼ of SW¼, section 19; SW¼ of SE¼, section 19, and NW¼ of NE¼, section 30, all in township 15 south, range 20 west. The claim of homestead exemption was allowed.

It was discovered before the sale that Hatcher had conveyed the remainder of the land to his two sons, a separate portion to each. Thereupon a suit was filed by the Bank Commissioner against Hatcher and his sons, who were both minors, praying that the deeds to them be declared void as having been executed in fraud of their father's creditors. The allowance of the homestead exemption was not questioned. The deeds were executed on February 8, 1934, which date was fifteen days prior to the judgment for the debt. The relief prayed was granted, and this appeal is from that decree.

The deeds were executed after the institution of the suit but prior to the rendition of the judgment. They were from a father to his sons, and their effect will be, if they are permitted to stand, to render the grantor insolvent. This fact appears from the schedule of exemptions sworn to by the debtor himself. The deeds are therefore presumptively fraudulent. *Crill* v. *Trites,* 186 Ark. 354, 53 S. W. (2d) 577.

Mr. Hatcher, the judgment debtor, testified that, of the 240 acres of land above-described which he had owned, he had inherited a portion from his father, and had bought the remainder from his brother. The land purchased from his brother was conveyed to him in 1926, at which time his two sons were not over nine and ten years old, respectively. At the time of the conveyance to them they were seventeen and eighteen years old, respectively. He testified that it was understood between himself and his brother and his children, when he purchased the land from his brother, that he was buying the land for their benefit, and the children agreed to work and pay for it, and this they had since been doing. The father neglected, however, to take the title in the name of his children, but took it in his own name.

There can be and is no resulting trust. To create such a trust, by reason of the payment of the purchase price, the payment must be made at the time of the purchase or prior thereto so as to form a part of the same transaction. *Chaffin* v. *Crow,* 182 Ark. 621, 32 S. W. (2d) 155; *Kerby* v. *Feild,* 183 Ark. 714, 38 S. W. (2d) 308.

Mr. Hatcher testified there was no other consideration except his love and affection for his children. The conveyance to them is therefore, as was found by the court below, voluntary and void. To reinforce this conclusion, it may be said that a portion of the land conveyed to the children was not purchased from the grantor's brother, but was inherited by him from his father.

Hatcher, having been allowed his homestead exemption in 120 acres of land, sought to enlarge the exemption to 160 acres. This claim appears to have been made upon the confirmation of the sale of the land by the commissioner appointed to sell it. The record does not reflect why Hatcher claimed only 120 acres as a homestead in his original schedule, nor why he was not later allowed to claim 160 acres, the maximum acreage allowed by law.

A debtor may claim a rural homestead not exceeding 160 acres of land, provided the same does not exceed $2,500 in value, but in no event may such homestead be

reduced to less than 80 acres without regard to value. Section 5540, Crawford & Moses' Digest.

Hatcher was allowed a homestead claim exceeding 80 acres, but was denied the right to claim 160 acres. Whether this was because of excess in value, or for some other reason, is not made to appear, and the burden rests upon the homestead claimant to show his right thereto. Sections 5543, 5549, 5551, Crawford & Moses' Digest; *Jones* v. *Dillard,* 70 Ark. 69, 66 S. W. 202.

The decree of the court below is correct, and it is therefore affirmed.