GARFIELD EDGAR *v.* G. W. EDGAR ET AL

5-5132                                      451 S. W. 2d 450

Opinion delivered March 9, 1970
[Rehearing denied April 13, 1970.]

216

*Henry Ginger* and *Hartman Hotz,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellees.

J. FRED JONES, Justice. Garfield Edgar appeals from an adverse decree of the Craighead County Chancery Court holding that Ruth Edgar owns a homestead interest in 80 acres of rice land and that it is not subject to partition among heirs as prayed in a petition filed by Garfield. On appeal here, Garfield designates the following point for reversal:

> "The trial court erred in misconstruing the law and failing to find or hold that the property in question (the lower 80) was not a part of Ruth Edgar's homestead, and therefore properly, ought to be partitioned, pursuant to Arkansas practices and procedures."

Gordon C. Edgar and his wife, Ruth, owned 80 acres of farm land as an estate by the entirety and their home was located thereon. The southwest corner of this 80 acre tract joined the northeast corner of another 80 acre tract, and the two tracts are hereafter referred to as the north and south 80 acre tracts. Gordon C. Edgar held title to the south 80 in his own name, and he farmed the entire 160 acres until he died intestate on June 16, 1962. Mr. Edgar was survived by his widow, Ruth, and eleven children including Garfield and his brother, G. W. Garfield and

his brother, G. W., continued to farm the entire tract of land as partners following their father's death and they paid their mother rent on both 80 acre tracts until they dissolved their partnership arrangement in 1967. When Garfield approached his mother about renting the land for 1968, she advised him that she had already rented the land to his brother, G. W., for 1968. Upon learning that the south 80 belonged to the children of the decedent, Gordon C. Edgar, rather than to his widow, Ruth, Garfield filed suit in chancery court against G. W. for an accounting of profits for 1968, and against the widow and all the heirs for a partition of the land.

The chancellor held the south 80 to be a part of the homestead of Gordon Edgar during his lifetime; that it had never been abandoned by the widow and that any interest Garfield had in the property of Gordon Edgar, was subordinate and subject to the homestead rights of Ruth Edgar and not subject to partition. We are of the opinion that the chancellor was correct.

Article 9, § 4, of the Arkansas Constitution, provides as follows:

"The homestead outside any city, town or village, owned and occupied as a residence, shall consist of not exceeding one hundred and sixty acres of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of twenty-five hundred dollars, and in no event shall the homestead be reduced to less than eighty acres, without regard to value."

Article 9, § 6, of the Constitution is as follows:

"If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during her natural life, provided that if the owner leaves children, one or more, said

child or children shall share with said widow and be entitled to half the rents and profits till each of them arrives at twenty-one years of age— each child's right to cease at twenty-one years of age—and the shares to go to the younger children, and then all to go to the widow, and provided that said widow or children may reside on the homestead or not; and in case of the death of the widow all of said homestead shall be vested in the minor children of the testator or intestate."

The evidence shows that the two 80 acre tracts are joined by a road or passageway from one to the other and by an irrigation flume. It is not seriously contended that the two tracts are not contiguous and were not operated as one farming unit of 160 acres by the decedent, Gordon C. Edgar. In *Clements* v. *Crawford County Bank*, 64 Ark. 7, 40 S. W. 132, this court said:

"Where two parcels of land corner with each other, they are contiguous, they touch; and there can be nothing unreasonable or unjust in allowing the two pieces to be selected, and claimed as a homestead, where they constitute all the land the claimant owns, and do not exceed the legal area and value."

Soon after her husband's death in 1962, Ruth Edgar sold the north 80 to G. W. and Garfield Edgar retaining in the quitclaim deed a life estate. Garfield argues here that the south 80 may not be claimed as a homestead because the north 80 was owned and occupied as a residence, and either 80 exceeds the constitutional value limitation of $2,500. There is nothing in the pleadings pertaining to the value of the property at the time of Gordon C. Edgar's death or at any other time. The only evidence offered as to the value was the testimony of G. W. Edgar on cross-examination, wherein he testified that the *present value* of the north 80 is $48,000 and the south 80 is $40,000.

In his petition Garfield Edgar simply alleged his

interest in the property as a surviving child and heir of Gordon C. Edgar who died intestate on June 16, 1962. He prayed for a partition of the land and an accounting of profits by those in possession. The separate answer of G. W. Edgar and Ruth Edgar set out that Ruth Edgar has a homestead interest in the property involved and that same is not subject to partition during her lifetime.

The interest the parties had in the property vested at the time of the decedent's death on June 16, 1962. There is no allegation in the pleadings, and there is no proof in the record, as to the value of the property at the time of the decedent's death on June 16, 1962.

The decree is affirmed.

BROWN and FOGLEMAN, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I do not agree that the pleadings did not encompass an issue as to the value of the homestead. The homestead right was asserted by answer as a defense to appellant's action for partition. Having been asserted in this manner, no responsive pleading could have been filed by appellant. Every possible infirmity of the claim of homestead was put in issue without any pleading on appellant's part. *Norton v. Hindsley*, 245 Ark. 966, 435 S. W. 2d 788.

The only evidence offered as to value of the property related to its value on the date of the trial, but appellee Ruth Edgar cannot benefit by a deficiency in the proof on this issue. No evidence was offered by her on the subject of value. Appellant had made a prima facie case for partition. The burden was upon the claimant to establish the homestead right and its extent and value. *Pace v. Robbins*, 67 Ark. 232, 54 S. W. 213. See also *Hatcher v. Wasson*, 191 Ark. 765, 87 S. W. 2d 578 and *Barnhart v. Gorman*, 131 Ark. 116, 198 S. W. 880, where the homestead right was asserted as a defense.

I would reverse the decree and remand the cause for partition.

BROWN, J., joins in this dissent.