# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1199

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa |
| Jeremy D. Moore, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 8, 2009
Filed:  July 13, 2009 (Corrected July 17, 2009)

_____

Before SMITH and SHEPHERD, Circuit Judges, and LIMBAUGH,[1] District Judge.

_____

PER CURIAM.

Jeremy D. Moore pled guilty to one count of interstate transportation of child pornography. See 18 U.S.C. §2252A.  At sentencing, the district court determined, without objection by the parties, that Moore's base offense level was 22.  Further, no objection was lodged to the district court's finding that Moore should be assessed:  a two-level increase because  the material involved a prepubescent minor or a minor who had not reached the age of twelve, United States Sentencing Commission, Guidelines Manual, §2G2.2(b)(2) (Nov. 2008); a four level increase because the

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

material involved portrayed sadistic or masosadistic conduct or other depictions of violence, id. §2G2.2(b)(4); a two level increase because the offense involved the use of a computer, id. §2G2.2(b)(6); and a five level increase because the offense involved 600 or more images, id. §2G2.2(b)(7)(D). Over Moore's objection, the district court also assessed a five-level increase because the offense involved distribution for the receipt or expectation of receipt of a thing or value but not for pecuniary gain. Id. §2G2.2(b)(3)(B). Accordingly, Moore's adjusted offense level was 40. The district court granted a two-level reduction in offense level for acceptance of responsibility, id. §3E1.1(a), and granted a reduction of one additional level upon motion of the United States for the timely acceptance of responsibility, id. §3E1.1(b). Accordingly, the adjusted offense level was 37. With a criminal history of category I, this yielded an advisory Guidelines range of 210 to 240 months (which is the statutory maximum for the offense of conviction). See, USSG Ch5, Pt. A. The district court[2] sentenced Moore to 210 months' imprisonment. Moore appeals the sentence. We affirm.

"We review all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard." United States v. Pepper, 518 F.3d 949, 951 (8th Cir.), cert. denied, 129 S. Ct. 138 (2008) (citing Gall v. United States, 552 U.S. ___, ___, 128 S. Ct. 586, 597 (2007)). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . ." Gall, 128 S. Ct. at 597. "We review the district court's factual findings for clear error, and its application of the guidelines de novo." United States v. Blankenship, 552 F.3d 703, 704 (8th Cir. 2009).

Moore first contends that the district court committed procedural error in assessing a five-level increase in the offense level pursuant to USSG §2G2.2(b)(3)(B) for distribution of child pornography for the receipt, or expectation of receipt, of a

---

[2]The Honorable Linda R. Reade, Chief Judge, United States District Judge for the Northern District of Iowa.

thing of value, but not for pecuniary gain. Moore's claim is without merit. In <u>United States v. Griffin</u>, 482 F.3d 1008 (8th Cir. 2007), a panel of this court concluded that "§2G2.2(b)(2)(B)'s five-level enhancement for the distribution of child pornography 'for the receipt, or the expectation of receipt, of a thing of value, but not for pecuniary gain' applies to a defendant who downloads and shares child pornography files via an internet peer-to-peer file-sharing network, as these networks exist - as the name "file-sharing" suggests -  for users to share, swap, barter, or trade files between one another." <u>Id.</u> at 1013.

According to the Presentence Investigation Report (PSR); Moore created "shared files" of child pornography in his computer using the "Limewire" file sharing program. "LimeWire is a file-sharing program that can be downloaded from the internet free of charge; it allows users to search for and share with one another various types of files, including movies and pictures; on the computers of other persons with LimeWire." <u>United States v. Ganoe</u>, 538 F.3d 1117, 1119 (9th Cir. 2008) <u>cert.denied</u>, 129 S.Ct. 2037 (2009). According to the PSR Moore admitted that "other individuals downloaded some of the child pornography that he kept on his computer in his 'shared' files by using Limewire." (PSR, ¶ 30)  Since Moore did not object to the factual content of the PSR its content is accepted as true. <u>See</u>  <u>United States v. Sorrells</u>, 432 F.3d 836, 838 (8th Cir. 2005) ("A sentencing court may accept the facts in a PSR as true unless the defendant objects to specific factual allegations.").

.

Seeking only to preserve the issue for "further review," Moore concedes  that "the evidence presented at sentencing is sufficient under <u>United States v. Griffin</u> for him to be held accountable for the five-level enhancement under USSG §2G2.2(b)(3)(B)" and that "one panel of this Court cannot overrule the holding of another panel."  (Appellant's Brief, pp. 12-13) We agree. "[A] panel of this Court is bound by a prior Eighth Circuit decision unless that case is overruled by the Court sitting en banc." <u>United States v. Wright</u>, 22 F.3d 787, 788 (8th Cir. 1994).  Since

Moore downloaded and shared child pornography files via an internet peer-to-peer file-sharing network, §2G2(b)(3)(B) was clearly applicable, and we find no error in the district court's application of the enhancement.

Moore also contends that the 210- month sentence imposed by the district court was substantively unreasonable. If we find no procedural error, "we then review the 'substantive reasonableness of the sentence' under the abuse-of-discretion standard considering the totality of the circumstances." United States v. Bain, 537 F.3d 876, 879 (8th Cir. 2008) (per curiam) vacated on other grounds and remanded, 129 S.Ct. 2157 (2009) (quoting United States v. Alvizo-Trujillo, 521 F.3d 1015, 1017 (8th Cir. 2008)). An abuse of discretion may be found where the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing these factors." Untied States v. Kowal, 527 F.3d 741, 749 (8th Cir.), cert. denied, 129 S.Ct. 612 (2008) (quotation omitted).

Moore's sentence, at the bottom of the Guidelines range, is presumed reasonable. Rita v. United States, 551 U.S. 338, 127 S.Ct. 3456, 2462 (2007). Further, the district court adequately reviewed and considered the record and the arguments offered by Moore's attorney. The district court expressly considered the 18 U.S.C. § 3553(a) factors and made specific reference to: the "nature and circumstances of the offense" and the "history and characteristics of the defendant," as well as the need for the sentence "to reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner." See 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B). The district court's explanation included discussion of the large number of computer images of child pornography involved, the nature of the images

and their distribution via the internet. The court also alluded to details of Moore's criminal history, both civilian and military. Finally, the district court concluded that Moore will require mental health evaluation and treatment while on supervised release and made reference to the possibility that the Bureau of Prisons will benefit Moore in this regard while he is incarcerated.

Since the district court considered the 18 U.S.C. § 3553(a) factors and adequately explained the chosen sentence, we conclude that the sentence imposed was not substantively unreasonable.

Moore's sentence is affirmed.

_____