# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1313
_____

United States of America

*Plaintiff - Appellee*

v.

Glen Arlan Sedlacek, also known as Glenn Arlen Sedlacek

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 9, 2019
Filed: March 25, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Glen Sedlacek pleaded guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1). The district court[1] varied downward from the

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

Guidelines range and sentenced Sedlacek to 132 months' imprisonment. Sedlacek appeals, claiming that the district court imposed a substantively unreasonable sentence. Finding no abuse of discretion, we affirm.

## I. *Background*

In February 2017, a federal law enforcement officer downloaded 58 files of child pornography from a computer using Sedlacek's internet protocol address. Law enforcement then executed a search warrant at Sedlacek's home and seized two computers. During his interview, Sedlacek stated that he had many files in a shared folder, "perhaps as many as 1,000 files, with 60 to 70 percent being child pornography." Final Presentence Report (PSR) at 5, ¶ 13, *United States v. Sedlacek*, No. 4:17-cr-00231-SMR-CFB (S.D. Iowa Jan. 25, 2019), ECF No. 49. He also "defined 'child pornography' as material [only] involving children under 12 years old engaged in nudity and things of a sexual nature." *Id.* at 5, ¶ 14.

Sedlacek used certain terms such as "groupsex," "PTHC,"[2] and "Lolita" to search for child pornography. At times, he downloaded child pornography using a file-sharing program called eMule. A forensic examination of Sedlacek's computers showed that he had collected child pornography from 2013 to 2017. The examination uncovered a massive collection of 74,873 photos and 1,728 videos, consisting mostly of child pornography involving minors between the ages of 12 and 16. Sedlacek's collection also contained material of prepubescent minors. During his mental evaluation, Sedlacek admitted to having a sexual interest in pubescent adolescents. He eventually pleaded guilty to distribution of child pornography in 2018.

The PSR recommended a Guidelines range of 151 to 188 months' imprisonment based on a total offense level of 34 and a criminal history category of I. During sentencing, Sedlacek did not object to the Guidelines range, but he asked

---

[2]PTHC stands for "preteen hard core." PSR at 5, ¶ 14.

the district court to vary downward to a statutory minimum sentence of 60 months' imprisonment based on his age, health, lack of criminal history, and other mitigating factors such as his 37-year marriage, his wife's illness, his advanced education, and his 35-year career as a proud middle-school teacher. In February 2019, the district court adopted the advisory Guidelines range and varied downward, imposing a sentence of 132 months' imprisonment.

The district court explained that it had considered the statutory penalties, Guidelines, and factors found in 18 U.S.C. § 3553(a). The court found that Sedlacek's child pornography distribution extended over a four-year period, which had resulted in a staggering collection. It further found that Sedlacek used specific search terms to collect child pornography and that his collection contained horrendous material involving toddlers, preschool children, girls, and boys. The court also discussed Sedlacek's personally-conceived definition of child pornography and his attraction to pubescent girls. It mentioned, that although the record does not indicate he committed any hands-on offense, Sedlacek's interest in children did raise the court's suspicions about his long career of working with children in unsupervised settings. The court also highlighted the victim impact statements provided by some of the children that were identified in the images found in Sedlacek's collection.

Moreover, the district court considered Sedlacek's proffered mitigating circumstances. It acknowledged that Sedlacek was 68 years old at the time of sentencing, that he appeared to have been a good citizen until he became involved with child pornography, that he had a stable childhood, and that he had been married for 37 years. The court's other positive findings included Sedlacek's relative good health and advanced education. The court, however, chose not to vary downward to the statutory minimum.

## II. *Discussion*

On appeal, Sedlacek argues that the district court erred in not properly balancing the § 3553(a) factors and, therefore, abused its discretion when it imposed a substantively unreasonable sentence of 132 months' imprisonment.

"We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard . . . ." *United States v. Morais*, 670 F.3d 889, 893 (8th Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotations omitted). "In conducting this review, we are to 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *Id.* (quoting *Gall*, 552 U.S. at 51). Nevertheless, it is "the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464 (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

Sedlacek contends (1) that he received the equivalent of a life sentence based on his age, high blood pressure, and other ailments; and (2) that the sentence of 132 months' imprisonment was greater than necessary to accomplish the goals of sentencing. He further asserts that the district "[c]ourt relied much too heavily on the nature and circumstances of the offense," Appellant's Br. at 7, and that it failed to give sufficient weight to his personal life and other positive aspects. He claims that the court also erred in labeling and considering him a pedophile.

"A district court has substantial discretion in determining how to weigh the § 3553(a) factors." *Morais*, 670 F.3d at 893. Put differently, "[t]he district court has

wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Borromeo*, 657 F.3d 754, 757 (8th Cir. 2011) (quoting *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009)). Additionally, "it is 'nearly inconceivable' that a sentence is so high as to be substantively unreasonable and constitute an abuse of discretion when the district court imposed a below-Guidelines sentence." *United States v. Bevins*, 848 F.3d 835, 841 (8th Cir. 2017) (quoting *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009)).

Here, the district court did not abuse its discretion in imposing the below-Guidelines sentence. The court reviewed the record and expressly stated that it had considered the statutory penalties, Guidelines, and § 3553(a) factors. The court adequately explained the sentence that it imposed, and we identify no reversible error in the court's weighing of the factors and its consideration of Sedlacek's mitigating circumstances.

A review of the sentencing transcript shows that the district court considered the § 3553(a) factors and placed significant weight on the nature and severity of the offense, Sedlacek's characteristics, and the needs to redress the victims and to impose a just punishment. *See* 18 U.S.C. § 3553(a). In placing substantial weight on the foregoing factors, the district court discussed the numerous computer images of child pornography collected, the length of time in which the images were collected, the atrocious acts depicted in the images, Sedlacek's attraction to pubescent girls, and the rage and hurt experienced by some of Sedlacek's victims. *See, e.g.*, *United States v. Moore*, 572 F.3d 489, 492 (8th Cir. 2009) (per curiam) (discussing a district court's consideration of "the large number of computer images of child pornography involved, the nature of the images and their distribution via the internet").

The district court has broad discretion in determining how to weigh the § 3553(a) factors "and [in] assign[ing] some factors greater weight than others in

determining an appropriate sentence." *United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011) (quoting *United States v. Lozoya*, 623 F.3d 624, 627 (8th Cir. 2010)). Nothing in the record demonstrates that the court failed to consider a relevant factor, considered an improper factor, or committed a clear error of judgment in weighing the factors present here. Furthermore, Sedlacek's argument that the court implicitly referred to him as a pedophile does not constitute an abuse of discretion warranting reversal. The court's discussion of Sedlacek's conduct was not inappropriate in this type of case. Even if erroneous, we discern no prejudice.

The district court also considered Sedlacek's proffered mitigating circumstances such as his age, health, marriage, education, and past employment as a teacher. Taking note of these, the court varied downward and imposed a below-Guidelines sentence. It, however, was not required to grant a further downward variance and impose a sentence equal to the statutory minimum as Sedlacek requested. Therefore, we reject Sedlacek's contentions and hold that his 132-month sentence is substantively reasonable.

III. *Conclusion*

For the reasons discussed, the judgment of the district court is affirmed.

_____